180 F.3d 420,
 John LEATHER, Plaintiff-Appellant,
v.
Michael Ten EYCK, Individually, Thomas Lindert,
Individually, Carmine Restivo, Jr., Individually, Daniel
Stevens, Individually, Robert Thoubboron, Individually, and
The County of Putnam, New York, Defendants-Appellees.
 Docket No. 98-7275.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 12, 1998.
Decided June 11, 1999.
 
 Appeal from an order of the United States District Court for the Southern District of New York (Charles L. Brieant, Judge ), dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff's 42 U.S.C. § 1983 claim alleging selective prosecution. Vacated and remanded.
 CRAIG T. DICKINSON, Lovett & Gould, White Plains, NY, for Plaintiff-Appellant.
 ANTHONY J. SERVINO, Servino & Seymour, White Plains, NY, for Defendants-Appellees.
 Before: CALABRESI and STRAUB, Circuit Judges, and TSOUCALAS, Judge.*
 CALABRESI, Circuit Judge:
 Plaintiff John Leather appeals from an order of the United States District Court for the Southern District of New York (Brieant, J.), dismissing his 42 U.S.C. § 1983 claim that he was subjected to selective prosecution by the defendants in retaliation for the exercise of his right to free speech guaranteed under the First and Fourteenth Amendments.[1] The district court granted defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In order to affirm that court's order, we must find that plaintiff "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). We conclude instead that the plaintiff should be permitted to pursue his § 1983 suit.
 BACKGROUND
 Leather's § 1983 claim is based on a course of events that occurred in Putnam County, New York. At that time, Leather was the duly appointed fire coordinator for the County, and the individual defendants were all members of the County Sheriff's Department.[2] In his complaint, Leather alleged that in 1992 and 1993 a fierce debate was taking place in the County over whether the Emergency "911" communications center ("E-911") would be controlled by civilians or by the County Sheriff's Office. Leather maintains that he was a vocal public advocate on behalf of vesting control of the E-911 services in civilian hands, which, he argued, would lead to better emergency services in the community. In contrast, the members of the Sheriff's Office were actively trying to gain control of the E-911 communications center.[3]
 Leather contends that, in retaliation for his public statements, the Sheriff's Office both threatened him (and others who made similar statements) and targeted him for prosecution. Specifically, Leather alleges that on the evening of December 2, 1994, three members of the Sheriff's Department kept him under surveillance while he dined at a local restaurant with his wife and consumed one or more alcoholic beverages. Shortly after he and his wife left the restaurant, Leather was stopped on the road by two of the officers (Ten Eyck and Lindert) and arrested on charges of driving while intoxicated. Thereafter, he was successfully prosecuted on a lesser charge of driving while impaired (because his blood alcohol level, which tested at .09 percent, was insufficient to support a per se finding of driving while intoxicated). He was assessed a $300 fine as well as a $25 surcharge, and his driver's license was suspended for 90 days. Leather did not appeal this conviction, rendered in the Justice Court for the Town of Southeast.
 
 
 1
 Instead, Leather proceeded to file this § 1983 suit. The defendants, after submitting an answer to the complaint, moved to dismiss the complaint under Federal Rule of Procedure 12(b)(6) for failure to state a claim.[4] The district court granted defendants' motion and dismissed Leather's selective prosecution claim, reasoning that the claim's success "would 'necessarily imply' the invalidity of [his criminal] conviction" in contravention of the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Leather v. Ten Eyck, No. 97 Civ 6735 (S.D.N.Y. Feb. 2, 1998). The district court also noted in passing that although the defendants conceded that no evidence of selective prosecution was presented by Leather in his state criminal trial, Leather's trial attorney did, in his closing argument, among other things, mention that "[t]here[ was] something phoney going on."
 
 
 2
 Leather appeals, contending that the district court's dismissal was improper because Heck v. Humphrey does not bar his § 1983 suit. The defendants in turn argue both that Heck and principles of preclusion (res judicata and collateral estoppel) bar Leather's suit. We vacate and remand.
 
 DISCUSSION
 
 3
 We review the dismissal of a complaint pursuant to Rule 12(b)(6) de novo. See Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996). And our review must accept the material allegations in the plaintiff's complaint as true. See id. "[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," dismissal is inappropriate. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994).[5]
 
 I. Heck v. Humphrey
 
 4
 In Heck, a prisoner filed a § 1983 suit seeking money damages for various alleged improprieties on the part of the state police and county prosecutor responsible for his arrest and prosecution. He did not, however, seek release from prison confinement. See Heck, 512 U.S. at 479. The Court held that although there is no exhaustion requirement in § 1983 actions, see Patsy v. Board of Regents, 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), nevertheless, a damages claim akin to Heck's could not lie, because the success of the § 1983 claim would necessarily imply that the plaintiff's prior conviction was invalid, see Heck, 512 U.S. at 486-87. The Court held that, to proceed with a § 1983 suit, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal ... or called into question by a federal court's issuance of a writ of habeas corpus." Id.; see also Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).
 
 
 5
 Following Heck, however, the question remained open whether a plaintiff, convicted of a criminal offense, could proceed with a § 1983 claim where no remedy of habeas corpus existed. The court below read the rationale of Heck to preclude such a suit and hence dismissed Leather's § 1983 claim. Since the district court's decision, however, that question has been answered in this Circuit. In Jenkins v. Haubert, No. 98-2408, --- F.3d ----, 1999 WL 331871 (2d Cir. May 26, 1999), this Court held that "Heck and Edwards do not bar a § 1983 claim challenging the conditions of a prisoner's confinement where the prisoner is unable to challenge the conditions through a petition for federal habeas corpus." Id. at *----.
 
 
 6
 Although Leather's action does not challenge conditions of confinement, Jenkins implies the inapplicability of Heck for Leather. Because Leather is not and never was in the custody of the State, he, like Jenkins, has no remedy in habeas corpus. Having escaped the jaws of Heck, Leather should therefore be permitted to pursue his § 1983 claim in the district court unless principles of res judicata or collateral estoppel preclude his suit.
 
 II. Res Judicata and Collateral Estoppel
 
 7
 The defendants argue that Leather's claims are barred both by res judicata (claim preclusion) and collateral estoppel (issue preclusion). "Under the doctrine of claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (internal quotation marks omitted; alteration in original); see also Blonder-Tongue Labs., Inc. v. University of Ill. Found., 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); Restatement (Second) of Judgments §§ 17-19 (1982). Instead, "[c]ollateral estoppel ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Schiro v. Farley, 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994) (internal quotation marks omitted). Under Rule 8(c) of the Federal Rules of Civil Procedure, both are affirmative defenses that must be pleaded by the defendant.
 
 
 8
 In a federal § 1983 suit, the same preclusive effect is given to a previous state court proceeding as would be given to that proceeding in the courts of the State in which the judgment was rendered. See 28 U.S.C § 1738 (1994); Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 82-83, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); Kremer v. Chemical Constr. Corp., 456 U.S. 461, 476, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Because we conclude that courts in the State of New York would not bar Leather's suit on either res judicata or collateral estoppel grounds, we hold that Leather should be allowed to proceed with his § 1983 claim.
 
 
 9
 The defendants argue first that res judicata prohibits Leather's federal suit. Because Leather could have sought coram nobis relief for his alleged injuries in the New York State courts, the defendants say, Leather should be barred from bringing this suit. This, however, misconstrues the doctrine of claim preclusion and is instead essentially an argument in favor of reading an exhaustion requirement into § 1983--a position that, as we have already noted, the Supreme Court has expressly rejected. See Patsy, 457 U.S. at 503.
 
 
 10
 Nor does res judicata preclude this suit on any other ground. It might seem plausible to argue that the plaintiff could have raised the essence of his current claim, selective prosecution, in his New York criminal proceeding, and, not having done so, is barred by claim preclusion from making the allegation now. But, under New York law, the form of relief being sought is an element of the litigant's claim. And because the nature of the prior state court proceeding was such that Leather could not have sought damages for his alleged constitutional injuries (while defending himself on the charge of driving while impaired), res judicata does not bar his federal § 1983 suit for damages. See Parker v. Blauvelt Volunteer Fire Co., Inc., No. 73, --- N.Y.2d ----, 1999 WL 251345, at *---- (Apr. 29, 1999) (holding that a § 1983 claim was not prohibited by claim preclusion because the plaintiff could not have sought damages in his prior Article 78 proceeding arising out of the same facts, and noting agreement with our decision in Davidson v. Capuano, 792 F.2d 275, 282 (2d Cir.1986), which held that a § 1983 suit for damages that could not have been joined to an Article 78 proceeding was not barred by res judicata even though it arose out of the same operative facts as the Article 78 proceeding).[6]
 
 
 11
 The defendants next assert that, even if res judicata does not apply, collateral estoppel prohibits Leather's suit. In this respect, the defendants claim that Leather's selective prosecution argument was raised by his counsel during his State court prosecution, that the local court decided the question against him, and that Leather therefore may not now seek to relitigate the same issue.
 
 
 12
 At Leather's state court hearing, Leather's attorney argued in his closing:
 
 
 13
 Everything [was] set up here. Everybody [was] in the right place at the right time....
 
 
 14
 * * *
 
 
 15
 The cops are lying. There's something phoney going on. What's a B.C.I. man doing running in and out of the [restaurant] while [Leather] is having dinner? Does that make sense?
 
 
 16
 It makes sense to me. I can picture it.
 
 
 17
 "Get ready, boys, he's coming home. He's coming down the road. Now we have him."
 
 
 18
 It is this closing argument that, according to the defendants, sufficiently raised the contended issue of whether Leather was the target of a selective prosecution as to estop Leather from collaterally relitigating the issue in federal court.
 
 
 19
 Under New York law,
 
 
 20
 Collateral estoppel ... "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party ..., whether or not the tribunals or causes of action are the same." The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action.
 
 
 21
 Parker, 1999 WL ----, at *---- (quoting Ryan v. New York Tel. Co., 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984)) (citations omitted; emphasis added; alteration in original).
 
 
 22
 In Central Hudson Gas & Electric Corporation v. Empresa Naviera Santa S.A., 56 F.3d 359 (2d Cir.1995), this Court set forth the requisite factors for the application of collateral estoppel under the common law as follows:
 
 
 23
 (1) the issues of both proceedings must be identical, (2) the relevant issues [must have been] actually litigated and decided in the prior proceeding, (3) there must have been "full and fair opportunity" for the litigation of the issues in the prior proceeding, and (4) the issues [must have been] necessary to support a valid and final judgment on the merits.
 
 
 24
 Id. at 368 (emphasis added); see also Doe v. Pfrommer, 148 F.3d 73, 79 (2d Cir.1998) (applying the four-factor test in a case involving New York law); Restatement (Second) of Judgments § 27 (1980) (setting forth the same test). "The burden [moreover] is 'on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.' " Schiro, 510 U.S. at 233 (quoting Dowling v. United States, 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)) (emphasis added).
 
 
 25
 Collateral estoppel is thus both narrower and broader than res judicata. Unlike res judicata, collateral estoppel bars any issue that was raised and litigated in a prior proceeding from being subsequently relitigated in a different, parallel proceeding, provided that the first proceeding offered the litigant a full and fair opportunity to litigate the issue. In contrast to claim preclusion, however, collateral estoppel does not prevent a litigant from raising, in a later proceeding, an issue that he could have, but did not, raise in the first proceeding. As a result, even if a party, like Leather, could have raised a specific defense--selective prosecution--in his prior criminal prosecution, preclusion based on collateral estoppel grounds does not lie unless the issue was indeed actually litigated.
 
 
 26
 The question in this case, therefore, is whether or not the issue of selective prosecution was actually litigated in the State court proceeding. On this record, we cannot say that the question of selective prosecution was "clearly raised," "actually litigated," or "actually decided" in the State court hearing. Leather's attorney at that hearing did mention what might be construed as a selective prosecution argument. But he did so at most in passing, certainly not explicitly, and only in his closing argument. Moreover, we cannot say that the Justice Court necessarily rejected the argument (assuming that it was made), for the court set forth absolutely no findings on this point in its judgment of conviction. Finally, the defendants conceded before the district court that no evidence of selective prosecution was presented by Leather in his state criminal trial. Under the circumstances, we hold that the issue was not clearly raised by Leather's counsel or ruled on by the State court. It follows that this is not a case in which collateral estoppel can bar Leather's subsequent § 1983 suit.
 
 CONCLUSION
 
 27
 The district court's dismissal of the plaintiff's § 1983 claim was erroneous. Its judgment is therefore VACATED and the case is REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Nicholas Tsoucalas, Judge of the United States Court of International Trade, sitting by designation
 
 
 [1]
 Leather also alleged in his complaint that defendants Ten Eyck and Lindert perjured themselves at his state court hearing. This claim was withdrawn before the district court
 
 
 [2]
 Defendant Thoubboron was Sheriff of Putnam County, defendant Ten Eyck was a Deputy Sheriff, Defendant Lindert was a Sergeant, defendant Restivo was a Captain, and defendant Stevens was a Senior Investigator
 
 
 [3]
 The Sheriff's Office apparently succeeded in its efforts
 
 
 [4]
 Because the defendants had filed an answer to Leather's complaint, they should have moved for judgment on the pleading pursuant to Rule 12(c). See Fed.R.Civ.P. 12(b), (c); Falls Riverway Realty v. City of Niagara Falls, 754 F.2d 49, 53 (2d Cir.1985). "Pursuant to Fed.R.Civ.P. 12(h)(2), however, a defense of failure to state a claim may be raised in a Rule 12(c) motion for judgment on the pleadings, and when this occurs the court simply treats the motion as if it were a motion to dismiss." National Ass'n of Pharmaceutical Mfrs., Inc. v. Ayerst Labs., 850 F.2d 904, 909 n. 2 (2d Cir.1988). Accordingly, the district court treated defendants' motion as one made pursuant to Rule 12(b)(6), and we will review it as such
 
 
 [5]
 We have noted previously that
 [i]t is important to recognize the difference between disposing of a case on a 12(b)(6) motion and resolving the case later in the proceedings, for example by summary judgment. At the 12(b)(6) stage, [t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.
 Chance, 143 F.3d at 701 (internal quotation marks omitted; alteration in original).
 
 
 [6]
 The New York Court of Appeals observed that its holding was
 also consistent with the position of the Restatement (Second) of Judgments that res judicata is inapplicable where the plaintiff "was unable to ... seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain ... multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action ... to seek that remedy or form of relief."
 Id. at *---- (quoting Restatement [Second] of Judgments § 26[c] ). The Court of Appeals in Parker nevertheless affirmed the lower court's dismissal of the federal suit on issue preclusion grounds. See id. at *----.