■ Scott Pollicino, Appellant, v Roemer and Featherstonhaugh, P. C., et al., Respondents, et al., Defendants. [716 NYS2d 416] —Crew III, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered September 27, 1999 in Albany County, which, *inter alia*, granted certain defendants' motions for summary judgment dismissing the complaint.

On April 11, 1989, plaintiff retained the law firm of defendant Roemer and Featherstonhaugh, P. C. (hereinafter the law firm) to represent him in connection with a July 1, 1988 ac-

cident wherein he lost the sight in his right eye. Plaintiff's injury occurred when a New York City Transit Authority bus ran over a glass bottle in the road causing a shard of glass to strike him in the eye. In September 1989, the law firm successfully moved to serve a late notice of claim against the Transit Authority with a proposed notice of claim reflecting the accident date of July 1, 1988. The notice of claim actually served, however, incorrectly listed the accident date as June 30, 1988 and that error was repeated in the summons and complaint.

Approximately four weeks later, the law firm served an amended summons and complaint correctly alleging the accident date as July 1, 1988 but made no motion to similarly amend the notice of claim until December 1992, some three years after service of the erroneous notice of claim. In response to such motion, the Transit Authority cross-moved for an order dismissing the complaint on the ground that plaintiff's notice of claim was defective as a matter of law and plaintiff's action should be summarily dismissed as a result thereof. Supreme Court, Kings County (Hutcherson, J.) (hereinafter Kings County Supreme Court) denied the law firm's motion to amend the notice of claim and granted the Transit Authority's cross motion to dismiss the complaint on the ground that the 4½-year delay in seeking amendment of the notice of claim was prejudicial to the Transit Authority. The court also noted that if it had viewed the Transit Authority's motion as one for summary judgment, plaintiff's action would have been dismissed, regardless of the erroneous notice of claim, because plaintiff failed to establish that the Transit Authority had notice of the defect or condition causing his injuries.*

Plaintiff thereafter commenced the instant action against the law firm and its principals and employees alleging causes of action sounding in legal malpractice. Following joinder of issue, certain defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment. Supreme Court (Keegan, J.) granted defendants' motions on the ground that the decision by Kings County Supreme Court, holding that plaintiff's negligence action would have been dismissed regardless of the alleged malpractice, was entitled to preclusive effect and denied plaintiff's cross motion. Plaintiff appeals.

It is axiomatic that in order to "invoke the doctrine of collateral estoppel it must be shown that there is an identity of issue which has necessarily been decided in the prior litigation and

---

* The decision was affirmed on appeal (see, *Pollicino v New York City Tr. Auth.*, 225 AD2d 750, *lv dismissed and denied* 89 NY2d 973).

which is decisive of the present action, and that the party sought to be estopped had a full and fair opportunity to contest the decision that is now claimed to be controlling" (*Comi v Breslin & Breslin*, 257 AD2d 754, 757). Language that is not necessary to resolve an issue, however, constitutes dicta and should not be accorded preclusive effect (*see, Stokes v Stokes*, 172 NY 327, 341).

Here, the law firm's failure to serve a proper notice of claim was an error requiring dismissal, and Kings County Supreme Court, in denying the law firm's motion to amend the notice of claim, dismissed the complaint on that ground. Its comment concerning the merits of plaintiff's claim, however, clearly was dicta and, as such, is not entitled to preclusive effect. Moreover, the merits of the claim and the issue of actual or constructive notice were not raised by the Transit Authority at nisi prius and plaintiff, therefore, never had a full and fair opportunity to contest those issues. For both of these reasons, Supreme Court improperly granted defendant's motion for summary judgment dismissing the complaint.

We reject plaintiff's contention, however, that Supreme Court also erred in failing to grant him summary judgment. While plaintiff has established defendants' negligence, he has not demonstrated that he would have prevailed in the underlying action but for that negligence, which is a prerequisite to establishing a prima facie case of legal malpractice (*see, e.g., Servidone Constr. Corp. v Security Ins. Co.*, 64 NY2d 419, 425).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted certain defendants' motions for summary judgment; said motions denied; and, as so modified, affirmed.