**Andreas PLONKA, Plaintiff–Appellant,**

**v.**

**Richard BROWN, Assistant District Attorney of Otego County; Donald Laraway, Former Unadilla Town Justice; Steven Clark, Town Justice of Unadilla; Karen Sastra, Town Justice of Unadilla; Frank Schaeffer, Town Justice of Sidney; Ronald Decker, Town Justice of Otego; Geral Kramer, Suspended Attorney; Andrew Skrabanski, State Police, Troop C; Dean Edwards, State Police, Troop C; Brown, Investigator, State Police, Troop C; Robert Gouldin, Attorney; Michael Getman, Attorney, Linda Jump, Reporter for the Press and Sun Bulletin, Defendants–Appellees.**

No. 00–7651.

United States Court of Appeals, Second Circuit.

Feb. 2, 2001.

Andreas Plonka, Susquehanna, PA, pro se.

James E. Konstanty, Esq., Oneonta, NY, for appellees.

Present GRAAFEILAND, WINTER and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the case be and hereby it is AFFIRMED in part and VACATED and REMANDED in part.

1. The named defendants are town officials, police officers, two attorneys, and a newspaper reporter.

2. We note that we have not yet decided what standard of review applies to the appeal of a dismissal under 28 U.S.C. § 1915(e)(2). *See Cruz v. Gomez,* 202 F.3d 593, 596 (2d Cir. 2000) (stating the this Court has not yet decid-

## I. BACKGROUND

In March, 2000, Andreas Plonka ("Plonka") brought suit pursuant to 42 U.S.C. § 1983 against thirteen named defendants,[1] alleging conspiracy to bring false charges against him on the basis of his ethnicity, and alleging defamation. Plonka claimed that defendants had falsely and perjuriously accused him of a crime to which he had nevertheless eventually pleaded guilty, and that defendant Linda Jump ("Jump"), who was a reporter for a local newspaper, had defamed him by lodging an aggravated harassment complaint against him with the Oneonta police department. In spite of his guilty plea, Plonka indicated that he is not currently incarcerated. The district court, after granting Plonka *in forma pauperis* status, dismissed his claim *sua sponte,* pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted. Plonka now appeals.

## II. DISCUSSION

■ The district court dismissed Plonka's § 1983 claim for defamation against defendant Linda Jump on the ground that action under color of state law is a necessary component of any § 1983 claim, *see, e.g., Rounseville v. Zahl,* 13 F.3d 625, 628 (2d Cir.1994), and that Plonka has not alleged that Jump acted under color of law. We affirm the district court's dismissal of this claim.

■ Plonka's § 1983 claim alleging conspiracy to bring false charges and perjurious accusation presents a more complicated problem.[2] The district court dismissed

ed whether dismissals under 28 U.S.C. § 1915(e) are reviewed *de novo* or for abuse of discretion). We need not reach this question here, however, since the outcome of this appeal would be the same under either standard.

this claim on the grounds that it was barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See also Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). *Heck* held that in order to proceed with a § 1983 suit, a plaintiff whose § 1983 action alleges claims that, if proved, would render his sentence or conviction invalid, "must prove that the conviction or sentence has been reversed on direct appeal ... or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87. The district court concluded that because Plonka's allegations of conspiracy to bring false charges and perjurious accusation would, if proved, render his conviction invalid, and because Plonka had not demonstrated that his conviction had already been undermined in one of the required ways, *Heck* requires that his § 1983 suit be dismissed.

We have held, however, that "*Heck* and *Edwards* do not bar a § 1983 claim challenging the conditions of a prisoner's confinement where the prisoner is unable to challenge the conditions through a petition for federal habeas corpus." *Jenkins v. Haubert,* 179 F.3d 19, 21 (2d Cir.1999); *see also Leather v. Ten Eyck,* 180 F.3d 420, 424 (2d Cir.1999). Accordingly, if Plonka is not in the custody of the State of New York, then *Jenkins* and *Haubert* apply to remove his § 1983 claim from the bar erected by *Heck.* But although it appears that Plonka is not now incarcerated, we are unable to determine, on the basis of the record before us, whether he is in custody in some other way, for example by being subject to the conditions of a program of supervised release. We therefore remand the case to the district court to enable it to consider whether Plonka is in custody, in which case his § 1983 false arrest claim is barred by *Heck,* or whether Plonka is not in custody, in which case,

under *Jenkins* and *Leather, Heck* does not apply.

On remand, the district court should also consider whether Plonka is barred from bringing his conspiracy to bring false charges and perjurious accusal claim by some other preclusion doctrine.

Thus, insofar as Plonka's conspiracy to bring false charges and perjurious accusal claim is nothing more than an inaptly expressed claim for false arrest, we note that it may be barred under our determination that "§ 1983 [is] deemed, ..., to incorporate the common-law principle that, where law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause." *Cameron v. Fogarty,* 806 F.2d 380, 388–89 (2d Cir.1986). At the same time, however, we note that *Cameron* cites with approval the Restatement Second of Torts § 667(1) (1965 & 1967), which excepts from this general rule cases in which "the conviction was obtained by fraud, perjury or other corrupt means."

Similarly, it is possible that Plonka's claim is barred by more generally applicable preclusion doctrines. "In a federal § 1983 suit, the same preclusive effect is given to a previous state court proceeding as would be given to that proceeding in the courts of the State in which the judgment was rendered." *Leather,* 180 F.3d at 424; *see also* 28 U.S.C. § 1738 (1994). Accordingly, the question of whether Plonka is barred from bringing his § 1983 claim depends on the preclusion doctrines established by New York state law.

■ For example, under that state's law:

Collateral estoppel ... "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding

and decided against that party ...,
whether or not the tribunals or causes of
action are the same." The doctrine applies if the issue in the second action is
identical to an issue which was raised,
necessarily decided and material in the
first action, and the plaintiff had a full
and fair opportunity to litigate the issue
in the earlier action.

*Parker v. Blauvelt Volunteer Fire Co.*, 93
N.Y.2d 343, 690 N.Y.S.2d 478, 482, 712
N.E.2d 647 (1999) (quoting *Ryan v. New
York Tel. Co.*, 62 N.Y.2d 494, 478 N.Y.S.2d
823, 826, 467 N.E.2d 487 (1984)) (internal
citations omitted; emphasis added; alteration in original). Whether Plonka's guilty
plea and subsequent conviction collaterally
estop him from asserting his conspiracy to
bring false charges and perjurious accusal
claim therefore depends, under this rule,
on the nature of the charges and proceedings against him. *See, e.g., Leather*, 180
F.3d at 426 (finding no collateral estoppel
because, in the circumstances of that case,
the § 1983 plaintiff's claim of selective
prosecution had not been "clearly raised,
actually litigated, or actually decided" in
the prior state court proceeding); *Johnson
v. Watkins*, 101 F.3d 792, 796 (2d Cir
.1996) (finding no collateral estoppel because a § 1983 plaintiff, who had been
acquitted in state court, had no opportunity to appeal the state court's adverse finding that, although he was not guilty, the
police did have probable cause to arrest
him).

---

**3.** We note that we can say that Plonka's
§ 1983 suit is not barred the doctrine of *res
judicata,* or claim preclusion. Under New
York law, the form of relief being sought is an
element of the litigant's claim, and because
damages would not have been available to
Plonka in the earlier New York state criminal
proceeding against him, claim preclusion
does not bar his present suit for damages.
*See Leather*, 180 F.3d at 424–25; *Parker v.
Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.2d
343, 690 N.Y.S.2d 478, 712 N.E.2d 647

We have presented this (not necessarily
exhaustive) list to explain that, under all of
these doctrines, the question of whether
Plonka is barred from bringing his claim
depends on the nature of the claim he was
bringing and the character of the proceedings against him in state court. On the
record before us we cannot say whether
the conditions under which such bars apply
have been satisfied in this case.[3]

### III.  CONCLUSION

The judgment of the district court dismissing Plonka's § 1983 defamation claim
against defendant Linda Jump is therefore
AFFIRMED. The judgment dismissing
Plonka's § 1983 conspiracy to bring false
charges and perjurious accusal claim
against the remaining defendants is VACATED, and the case is REMANDED to
the district court for further consideration
of the issues raised in this order.[4]

---

(1999) (holding that a § 1983 claim for damages was not prohibited by claim preclusion
because the plaintiff could not have sought
damages in his prior Article 78 proceeding
arising out of the same facts).

**4.** In view of the remand, and the fact that
Plonka will now be able to make an analogous motion in the district court, his motion
to submit newly discovered evidence is denied
without prejudice.