FULLERTON AVENUE LAND DE-VELOPMENT LTD., Joseph Attonito, Debra Attonito, Adrienne Attonito, Joanne Uzzi, Plaintiffs–Appellants,

v.

Joseph CIANCIULLI, John Meyer, Ronald Cabriele, John Spencer, William Mooney II, Defendants–Appellees.

Docket No. 01–7992.

United States Court of Appeals, Second Circuit.

Oct. 10, 2002.

Michele Marianna Bonsignore, Yonkers, NY, for Appellants.

Ching Wah Chin, Assistant Corporation Counsel for City of Yonkers, Yonkers, NY, for Appellees.

Present LEVAL, SOTOMAYOR, Circuit Judges, and KOELTL, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Brieant, J.), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Appeal from the dismissal of plaintiffs' 42 U.S.C. § 1983 action by the United States District Court for the Southern Dis-

---

* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

trict of New York (Brieant, J.) on the grounds of issue and claim preclusion and *Younger* abstention. We affirm on the alternative ground that this Court lacks subject matter jurisdiction over plaintiffs' claims under the *Rooker–Feldman* doctrine.

Plaintiffs, who were issued a valid building permit for a parcel of land located in the City of Yonkers, allege that their due process rights were violated when (1) defendants, City officials, issued a stop work order without conducting a pre-termination hearing or an independent investigation into the validity of charges levied against the plaintiffs in a state Department of Environmental Conservation ("DEC") Notice of Violation; and (2) the Zoning Board of Appeals ("ZBA") relied upon a DEC complaint served on a non-plaintiff corporation in upholding the issuance of the stop work order and denied plaintiffs the opportunity for a hearing at which DEC officials were required to appear to clarify the agency's position.

This appeal centers on the preclusive effect that should be afforded two separate Article 78 proceedings previously brought by plaintiffs.[1] The first such action, which was dismissed by the New York Supreme Court for failure to exhaust administrative remedies, challenged the issuance of the stop work order without due process of law. In the second action, decided after the district court rendered its judgment, plaintiffs primarily raised the same challenges to the issuance of the stop work order and the ZBA's decision that they have brought in the present case.

"In a federal § 1983 suit, the same preclusive effect is given to a previous state court proceeding as would be given to that proceeding in the courts of the State in which the judgment was rendered." *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir.1999). Under New York law, collateral estoppel precludes a party from relitigating an issue in a subsequent action that was clearly raised in a prior action or proceeding and decided against that party. *Id.* at 425. This doctrine applies "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." *Parker v. Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 690 N.Y.S.2d 478, 482, 712 N.E.2d 647 (1999).

The district court held that plaintiffs were collaterally estopped from litigating their due process claims as a result of the first Article 78 proceeding. Even though plaintiffs' suit was dismissed for failure to exhaust remedies, the district court concluded that the New York Supreme Court had also ruled on the merits of plaintiffs' claims when it indicated that, "[i]n any event, the meetings at which the DHB considered documentary and testimonial submissions from Fullerton's attorney and expert witnesses constitute a substantial and meaningful opportunity to be heard beyond the parameters of due process to which Fullerton was entitled." This language was *dicta*, however. Non-binding language unnecessary to the disposition of

---

1. Although plaintiffs did not reference these proceedings in their complaint, consideration of the state court filings and judgments is permissible under this Circuit's well-established rule that a district court may rely upon publicly filed records in deciding a motion to dismiss. *See, e.g., Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949

F.2d 42, 47–48 (2d Cir.1991); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir.1991). We are also entitled to examine extrinsic documents in order to determine whether this Court may properly exercise subject matter jurisdiction over plaintiffs' claim. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir.2002).

the case will not be given preclusive effect. *Pollicino v. Roemer & Featherstonhaugh,* 277 A.D.2d 666, 668, 716 N.Y.S.2d 416 (3d Dep't 2000). Moreover, this first Article 78 proceeding was brought prior to the plaintiffs' appeal to the ZBA—it therefore could not encompass plaintiffs' second due process claim.

Nonetheless, in the second Article 78 proceeding, the New York Supreme Court did decide the identical issues raised in the present suit. Specifically, the New York Supreme Court held that the defendants were "entitled to rely upon the information received from DEC to the effect that Fullerton was not in compliance with DEC regulations and to take appropriate action based upon the information[,] i.e. issue the [stop work order]...." It further held that the "the ZBA hearing in the instant matter was sufficient to satisfy the requirements of due process."

Although we normally would not address an issue that had not been raised below, the question of whether the Supreme Court's ruling in this second Article 78 proceeding must be given preclusive effect implicates our subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir.1996) ("A challenge under the *Rooker–Feldman* doctrine is for lack of subject matter jurisdiction ... and may be raised at any time by either party or *sua sponte* by the court."). While it is true that the decision from the second Article 78 proceeding was entered after the district court rendered its decision below, that is of no significance because the *Rooker–Feldman* doctrine implicates subject matter jurisdiction and must be applied by this Court. *See Anderson v. Charter Township of Ypsilanti,* 266 F.3d 487, 495 (6th Cir.2001). The *Rooker–Feldman* doctrine states that "inferior federal courts have no [subject-matter] jurisdiction over cases that effectively seek review

of judgments of state courts...." *Id.* at 197. It bars not only claims that would involve direct review of a state court decision, but also claims that are "inextricably intertwined" with a state court decision. " '[I]nextricably intertwined' means, at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding ..., subsequent litigation of the claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion." *Phifer,* 289 F.3d at 56 (internal quotations omitted). The application of the *Rooker–Feldman* doctrine is therefore at least coextensive with the doctrines of claim and issue preclusion. *Moccio,* 95 F.3d at 199.

Plaintiffs first argue that the *Rooker–Feldman* doctrine is inapplicable in the present case because their claim involves a "general" constitutional challenge. A plaintiff who challenges a particular application of a state law or procedure in state court, and later brings a federal action challenging the constitutionality of the law itself, does not fall within the scope of the *Rooker–Feldman* doctrine. *See Moccio,* 95 F.3d at 200. Plaintiffs' action is not such a general challenge to the City of Yonkers' permit enforcement procedures, however. *See id.* at 200 ("While Moccio's complaint alleges that the OCA's procedures are inadequate, he does not ask for a ruling to that effect, nor does he ask for equitable or declaratory relief that would forestall the application of [the challenged proceedings]....").

Second, plaintiffs argue that the *Rooker–Feldman* doctrine does not bar their federal suit because their Article 78 proceeding primarily sought injunctive relief, while their § 1983 action seeks monetary damages. *See Parker,* 690 N.Y.S.2d at 481–82, 712 N.E.2d 647 (holding that res judicata would not ordinarily bar an action for monetary relief following adjudication of identical claims in an Article 78 proceed-

ing, as such relief is ordinarily unavailable in an Article 78 action). We have recently held, however, that even if the res judicata doctrine is inapplicable, we must separately apply New York collateral estoppel principles in order to determine if the *Rooker–Feldman* doctrine is implicated. *See Phifer,* 289 F.3d at 56. Applying these principles, we find that the New York Supreme Court has already ruled on the identical issues presented by plaintiffs' federal action, and that plaintiffs had a full and fair opportunity to litigate these claims. We lack subject matter jurisdiction to revisit these state court rulings.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.