**Bernabe ENCARNACION,**
**Plaintiff–Appellant,**

v.

**Edward DANN, Deputy Superintendent of Security, Hans Walker, Superintendent, Auburn Correctional Facility, J.R. Rourke, Captain, R. Pflueger, Correctional Officer, S. Thompson, Correctional Officer, and B. Smith, Correctional Officer, all in their official and individual capacities, Defendants–Appellees.**

No. 02–0312.

United States Court of Appeals, Second Circuit.

Nov. 7, 2003.

Bernabe Encarnacion, Pine City, NY, for Appellant, pro se.

Julie S. Merenson, Assistant Solicitor General (Peter Schiff, Senior Counsel, Eliot Spitzer, Attorney General, on the brief), Albany, NY, for Appellees.

Present: WALKER, Chief Judge, CARDAMONE, and McLAUGHLIN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Bernabe Encarnacion appeals from a judgment of the district court granting summary judgment to several correctional officials at Auburn Correctional Facility ("Auburn") on his claim that they violated his Eighth Amendment rights by failing to protect him from another inmate whom he was later convicted of murdering, as well as his claim that they violated his due process rights by placing him in solitary confinement after his conviction, without a proper hearing and based upon the insufficient evidence at his murder trial.

The claims in Encarnacion's 42 U.S.C. § 1983 action stemmed from events related to two altercations between him and Daniel Roberts while both were inmates at Auburn. Although Encarnacion claimed that he was defenseless against Roberts' first attack in June 1996, he was eventually convicted of stabbing Roberts to death during the second assault, in August 1996. Following the conviction, officials at Auburn sentenced Encarnacion to ten years in solitary confinement. Encarnacion contended that he filed an inmate grievance challenging his wrongful murder conviction and subsequent solitary confinement, but that he never received a response to his grievance. He also alleged that although Auburn officials were aware of how dangerous Roberts was, they neither separated Roberts from the general prison population nor responded to Encarnacion's letter request for protection from the inmate.

In September 2002, the district court granted defendants' motion for summary judgment, finding that Encarnacion's let-ter to the prison personnel informing them that he feared future attacks by Roberts was sufficient to satisfy the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). The district court then concluded that the indisputable fact that a jury convicted Encarnacion of second-degree murder was conclusive against him on the Eighth Amendment claim, and that Encarnacion's injuries were caused by his aggression against Roberts and subsequent murder conviction, not by the defendants' failure to protect.

This Court reviews *de novo* the district court's decision to dismiss Encarnacion's claims on summary judgment. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Although it is unclear whether Encarnacion actually exhausted his administrative remedies, he nevertheless has failed to show a violation of his rights under the Eighth Amendment, and thus the district court properly granted summary judgment to the defendants on his failure to protect claim. As a preliminary matter, Encarnacion, in invoking the federal court's authority to entertain his failure to protect claim in this § 1983 action, must show that "(i) he personally has suffered some actual or threatened injury as a result of [the] defendants' putatively illegal conduct; (ii) the injury is fairly traceable to the challenged action; and (iii) the injury is likely to be redressed by a favorable decision." *Jackson–Bey v. Hanslmaier*, 115 F.3d 1091, 1095 (2d Cir. 1997). He cannot overcome this initial hurdle.

■ Encarnacion suffered no actual injury from the defendants' alleged failure to provide him protection from Roberts, whom he murdered. All of his alleged injuries stemmed from his affirmative act of murder, rather than any failure on the

part of the defendants. *See Barnes v. Anderson,* 202 F.3d 150, 158–59 (2d Cir. 1999); *Pearl v. City of Long Beach,* 296 F.3d 76, 80 n. 2 (2d Cir.2002). Moreover, this court is precluded, under *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), from providing Encarnacion the result he seeks: essentially, a reversal of his murder conviction, and release from solitary confinement, in addition to monetary damages. *Heck* bars § 1983 damages actions in which a judgment in the plaintiff's favor would necessarily imply the invalidity of a conviction or sentence, where, as here, such conviction or sentence has not yet been invalidated, reversed on direct appeal, or called into question by the issuance of a writ of habeas corpus. Thus, because Encarnacion has failed to cross the initial threshold of causation in bringing his § 1983 action, the district court properly granted summary judgment to the defendants on his Eighth Amendment claim.

The court also properly granted summary judgment on the due process claim. Reading the pleadings liberally in Encarnacion's favor, *see Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996), it appears that his due process claim primarily centers on trial error and issues that either were raised and decided against him or could have been raised in his state proceedings, including his direct appeal. Encarnacion is precluded from raising those claims in his federal civil rights action, *see Leather v. Eyck,* 180 F.3d 420, 424 (2d Cir.1999); *Kulak v. City of New York,* 88 F.3d 63, 71 (2d Cir.1996), and this Court is required to give preclusive effect to the conviction, which has been affirmed on appeal. *Heck,* 512 U.S. at 486–87. With respect to alleged deficiencies in the institutional hearing that resulted in his sentence of solitary confinement, the record reveals no constitutional violation. Thus, the district court properly granted summary judgment to the defendants on Encarnacion's due process claim.

We have carefully considered all of appellant's arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**