*Carlyle Herring v. Angel Quiros, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-four.

**PRESENT:**
> **ALISON J. NATHAN,**
> **MARIA ARAÚJO KAHN,**
> > *Circuit Judges,*
> **RICHARD K. EATON,**
> > *Judge.*[*]

_____

**Carlyle Herring,**

> *Plaintiff-Appellant,*

> v.                                                    **23-6686**

**Angel      Quiros,      Connecticut**

_____

[*] Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

**Department of Corrections Commissioner (in an official capacity), Jennifer M. Zaccagnini, (in an official capacity), Charleton J. Giles, (in an official capacity), Rufaro Page, (in an official capacity), Joy Change, (in an official capacity), Stephen D. Dargan, (in an official capacity), Michael Pohl, (in an official capacity), Nancy Turner, (in an official capacity), Deborah Smith Palmieri, (in an official capacity),**

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:

LAWRENCE P. LABREW, Law Office of Lawrence LaBrew, New York, NY.

FOR DEFENDANTS-APPELLEES:

LELAND JOHN MOORE (Stephen R. Strom, *on the brief*), Assistant Attorneys General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a June 23, 2023 order[1] of the United States District Court for the Southern District of New York (Cote, *J.*).

_____

[1] The district court docket shows no entry of a judgment.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Carlyle Herring appeals from the district court's order dismissing his claims without prejudice to him seeking appropriate relief in Connecticut. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

While serving his 25-year sentence for felony murder in Connecticut, Herring was released on parole, only to abscond from the supervision of Connecticut authorities. While his whereabouts were unknown to Connecticut authorities, Herring was arrested on May 4, 2021, then arraigned on a felony indictment in New York state court on May 5, 2021. The following day, Connecticut authorities lodged a parole detainer with New York authorities to inform them about Herring's remaining Connecticut sentence.

On May 30, 2023, while incarcerated in New York, Herring sued various

Connecticut state officials[2] (collectively, Defendants) in the Southern District of New York, seeking release from his parole in Connecticut. His complaint alleges that Defendants violated his constitutional rights under 42 U.S.C. § 1983 by continuing to deem him a Connecticut parolee beyond September 9, 2021—the date he alleges that his Connecticut sentence expired. The district court ordered Herring to show cause as to why his complaint should not be dismissed on three grounds: (1) that his request for release from custody could not be brought under 42 U.S.C. § 1983; (2) that even construing his complaint as a habeas petition, he failed to exhaust his state court remedies; and (3) that any request to remove his detainer should be filed in Connecticut. After Herring reiterated that he sought relief from his parole in Connecticut, the district court dismissed Herring's complaint without prejudice to him seeking appropriate relief in Connecticut. Herring appeals, challenging the district court's dismissal of his complaint.

---

[2] Herring sued Connecticut Department of Corrections Commissioner Angel Quiros, Chairperson of the Connecticut Department of Pardons and Paroles (CDPP) Jennifer M. Zaccagnini, and CDPP Board Members Charleton J. Giles, Rufaro Page, Joy Change, Stephen D. Dargan, Michael Pohl, Nancy Turner, and Deborah Smith Palmieri.

We conclude that the district court properly dismissed Herring's complaint. Herring's claims are cognizable only through federal habeas corpus and cannot proceed under § 1983. Even construing his complaint as a habeas petition, we must dismiss the petition for failure to exhaust all state court remedies. Lastly, we agree with the district court that any future habeas petition must be brought in Connecticut.

## I. Federal Habeas Corpus

A claim must be brought in habeas when a state prisoner "seeks immediate or speedier release from prison" or "when the relief he seeks would necessarily imply the invalidity of his conviction or sentence." *Nance v. Ward*, 597 U.S. 159, 167 (2022) (quotation marks omitted); *see Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Where a "prisoner seeks an injunction affecting the fact or length of his incarceration," habeas is his "exclusive federal remedy." *Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir. 1999).

Herring's claims must be brought in a habeas petition because he seeks immediate release from the remainder of his Connecticut sentence. His complaint alleges that imposing the remainder of his Connecticut sentence

5

against him violates his constitutional rights. As relief, he seeks (1) "injunctive relief directing the Defendants to release [him] from parole" and (2) "a declaratory judgment stating that [he] is entitled to be released from parole in Connecticut." App'x 7. Granting this requested relief would "necessarily imply the invalidity" of his remaining Connecticut sentence. *See Nance*, 597 U.S. at 167. Accordingly, his claims are cognizable only in federal habeas under 28 U.S.C. § 2254.

Herring, attempting to evade this conclusion, contends that he must be permitted to bring his claims through § 1983 because he does not satisfy the custody requirement for habeas. A habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *see* 28 U.S.C. § 2254(a). This matters to Herring's ability to bring his § 1983 claims, he argues, because we have indicated that a plaintiff who cannot satisfy the custody requirement "has no remedy in habeas corpus" and must "be permitted to pursue his § 1983 claim[.]" *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999); *see Jenkins*, 179 F.3d at 27 ("[S]ome federal remedy—either habeas corpus or § 1983—must be available.").

6

The custody requirement is not restricted to physical confinement and is satisfied when a state prisoner is on parole. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Herring insists that he does not satisfy the custody requirement for a habeas attack against his Connecticut sentence because (1) he was detained in connection with his subsequent New York state conviction, not his Connecticut conviction, when he filed this complaint and (2) he had finished serving his Connecticut sentence when he filed his complaint. We reject both arguments.

First, Herring satisfies the custody requirement because he was subject to a detainer lodged by Connecticut authorities when he filed his complaint. Given this parole detainer, Herring "will not be placed at liberty" upon his release from custody in New York but will instead "be delivered into the custody of the appropriate" Connecticut authorities. *See U.S. ex rel. Meadows v. State of N.Y.*, 426 F.2d 1176, 1179 (2d Cir. 1970). That is sufficient to satisfy the custody requirement for a habeas attack against his Connecticut sentence. *Id.*

Second, Herring's assertion that he has completed his Connecticut sentence is conclusory and contradicted by his own submissions. A petitioner

7

is no longer "'in custody' under a conviction after the sentence imposed for it has fully expired." *Maleng*, 490 U.S. at 492. Herring's allegation that he has finished serving his sentence is conclusory and relies solely on his initial maximum release date of September 9, 2021, calculated based on the 25-year sentence he received. But a maximum release date does not mean that the sentence *expires* that day, particularly because the sentence could be tolled beyond the maximum release date. Indeed, authenticated prison records submitted by Herring show that he absconded from Connecticut parole, during which his sentence is tolled in accordance with Connecticut law. *See* Conn. Gen. Stat. Ann. § 18-18 ("[T]he time between the escape of any prisoner and his recommitment shall not be computed as part of his term of imprisonment."); *cf. Parham v. Warden, Bridgeport Corr. Ctr.*, 374 A.2d 137, 141 (Conn. 1976). Based on these records, Herring has over 500 days remaining on his Connecticut sentence. Although Herring insists that the tolling of his sentence stopped once Connecticut became aware that he was arrested, Herring directs us to no authority supporting that conclusory argument. Therefore, his sentence has not fully expired and he satisfies the custody requirement for habeas.

8

Accordingly, we agree with the district court that Herring's claims must be brought in habeas and cannot proceed under § 1983.

## II.     Exhaustion of State Court Remedies

Even construing Herring's complaint as a habeas petition, it must be dismissed because he has not exhausted his state court remedies.   A petitioner seeking habeas relief from his state court sentence must first exhaust all state court remedies.   *See* 28 U.S.C. § 2254(b).   Herring does not even attempt to argue that he exhausted his federal constitutional claims by bringing them in Connecticut state court.   *See Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001).   He contends only that "there is not an exhaustion requirement" to bring a § 1983 claim.   Appellant's Br. at 16.   But because we conclude that his claims cannot proceed under § 1983, we reject this argument.

Accordingly, even construing Herring's complaint as a federal habeas petition, the district court correctly dismissed the complaint for his failure to exhaust all state court remedies.

## III.     Venue

Lastly, we agree with the district court that any future habeas petition

9

raising these claims against Herring's Connecticut sentence must be brought in Connecticut.

We have explained that the "factors to be considered in determining whether venue is proper in a habeas suit include: (1) 'where all of the material events took place'; (2) where 'the records and witnesses pertinent to petitioner's claim are likely to be found'; and (3) the convenience of the forum for both the respondent and the petitioner." *Henderson v. I.N.S.*, 157 F.3d 106, 128 n.25 (2d Cir. 1998) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493–94 (1973)); *see also* 28 U.S.C. § 1391.

Applying these traditional venue factors, we conclude that Connecticut would be the proper venue. None of the events material to Herring's claims occurred in New York. Connecticut's authorities issued the parole detainer from Connecticut, where Herring was serving his parole and where he absconded from supervision. The records and witnesses pertinent to Herring's petition—such as a Connecticut DOC records specialist who could testify to the procedures for calculating Herring's challenged sentence—would be found in Connecticut, not New York. For this same reason, New York would not be a

10

convenient forum for both parties. Permitting the petition to proceed in New York would "serve no useful purpose," as New York "is presumably indifferent to the resolution of the prisoner's attack on the detainer." *Braden*, 410 U.S. at 499; *Meadows*, 426 F.2d at 1183 (holding that a New York district court is "[t]he court best situated to grant" habeas relief to a petitioner detained in Georgia but challenging a "parole detainer lodged against him by the state of New York").

For the reasons above, we affirm the district court's dismissal of Herring's complaint without prejudice to him seeking appropriate relief in Connecticut.

\* \* \*

We have considered Herring's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11