11-2256-cv
Manza v. Newhard

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of March, two thousand twelve.

PRESENT:   RALPH K. WINTER,
           REENA RAGGI,
                      *Circuit Judges*,
           JED S. RAKOFF,
                      *District Judge*.[*]

------------------------------------------------------------------------
PAUL T. MANZA, DOMAR HOMESTEAD, LLC,
                      *Plaintiffs-Appellants*,

                      v.                                    No. 11-2256-cv

MICHAEL NEWHARD, in his official capacity as
Mayor of the Village of Warwick, County of Orange,
State of New York and individually, MICHAEL D.
METH, in his official capacity as Village Attorney of the
Village of Warwick, County of Orange, State of New
York and individually, VILLAGE OF WARWICK,
                      *Defendants-Appellees*.
------------------------------------------------------------------------

FOR APPELLANTS:     Steven J. Spiegel, Spiegel & Jones, LLP, Florida, New York.

---

[*] Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEES:          Stephen J. Gaba, Drake, Loeb, Heller, Kennedy, Gogerty, Gaba
                        & Rodd, PLLC, New Windsor, New York, *for* Appellees
                        Michael Newhard and Village of Warwick.

                        James F. Creighton, Steinberg & Cavaliere, LLP, White Plains,
                        New York, *for* Appellee Michael D. Meth.

Appeal from the United States District Court for the Southern District of New York (J. Frederick Motz, *Judge*).[**]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 4, 2011, is AFFIRMED IN PART, VACATED IN PART, and REMANDED.

Plaintiffs Paul T. Manza and an entity under his control, Domar Homestead, LLC, (hereinafter "Manza"), appeal the dismissal of their complaint for damages under 42 U.S.C. § 1983 charging the Village of Warwick, Village Mayor Michael Newhard, and Town Attorney Michael D. Meth with violations of the Fourth, Fifth, and Fourteenth Amendments to the Constitution in connection with the cancellation of water service to Manza's property, an action subsequently reversed by the New York State Supreme Court in a post-deprivation Article 78 proceeding. See Decision & Order, Manza v. Wendel, No. 9372/2009 (N.Y. Sup. Ct. Orange Cnty. July 16, 2010). Because plaintiffs do not pursue their Fourth Amendment claim on this appeal, we deem it waived, see Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998), and focus on their arguments challenging the dismissal of their substantive

---

[**] Judge J. Frederick Motz of the United States District Court for the District of Maryland, sitting by designation.

and procedural due process claims. We review <u>de novo</u> a district court's grant of a motion to dismiss, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor. <u>See</u> <u>Tiberio v. Allergy Asthma Immunology of Rochester</u>, 664 F.3d 35, 36 (2d Cir. 2011). In applying those principles here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm the dismissal of Manza's substantive due process claim and to vacate the dismissal of his procedural due process claim.

1.     <u>Substantive Due Process</u>

Manza contends that the district court erred in dismissing his substantive due process claim. We reject the argument and, in doing so, expand on the grounds provided by the district court. <u>See</u> <u>Carpenter v. Republic of Chile</u>, 610 F.3d 776, 781 n.6 (2d Cir. 2010) ("[W]e may affirm the judgment of the District Court on any ground that the record supports.").

Substantive due process prohibits government actors from interfering with cognizable property interests in such an arbitrary and capricious way as "to shock the contemporary conscience." <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 847 n.8 (1998); <u>accord</u>, <u>e.g.</u>, <u>Ruston v. Town Bd. for Town of Skaneateles</u>, 610 F.3d 55, 58 n.2 (2d Cir. 2010). We recognize that "the cessation of essential services for any appreciable time works a uniquely final deprivation" of a property interest. <u>Memphis Light, Gas & Water Div. v. Craft</u>, 436 U.S. 1, 20 (1978). The cessation here, however, occurred only after 60 days notice precisely to afford the property owner an opportunity to pursue legal remedies. Moreover, as the

3

district court observed, exhibits attached to the complaint indicate that defendant Meth's 2008 opinion that multiple 19th century deeds did not support free water service to the land at issue was based, in part, on a 1980 Village Attorney opinion that came to a similar conclusion. Further, when the State Supreme Court ultimately ruled otherwise, it acknowledged that the case was "unique." Manza v. Wendel, Decision & Order, No. 9372/2009, slip op. at 10. In these circumstances, neither Meth's issuance of the opinion letter nor Mayor Newhard's reliance on it can be deemed so unreasonable as to shock the conscience insofar as it ultimately led to the Village charging Manza for water service in December 2008, and terminating that service for non-payment in June 2009, pursuant to Village of Warwick Code § 141-40. Cf. Natale v. Town of Ridgefield, 170 F.3d 258, 263 (2d Cir. 1999) (observing that substantive due process does not forbid governmental actions merely because "they might fairly be deemed arbitrary or capricious and for that reason [are] correctable in a state court lawsuit seeking review of administrative action").

Nor can Manza avoid dismissal of his substantive due process claim by pointing to allegations that the mayor's decisions were made in bad faith or informed by personal grudges. While "malicious and sadistic abuses of power" serving no legitimate purpose and intended to oppress or injure can violate substantive due process, Velez v. Levy, 401 F.3d 75, 94 (2d Cir. 2005), such a claim cannot be deemed plausible when, as here, conclusory pleadings are unsupported by factual content, see Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009).

4

The same conclusion obtains with respect to Manza's conclusory allegations that the Village of Warwick engaged in a "pattern or practice" of having its village attorney retroactively justify mayoral decisions through flawed legal decisions. Compl. ¶ 94. While Manza notes that the complaint proposes to disclose similar incidents in camera, such a proposal is at odds with both the principle of notice pleading, see Fed. R. Civ. P. 8(a), and the Supreme Court's holding that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted; emphasis added).

In sum, because the complaint fails to state a plausible substantive due process claim, much less one that any reasonable official would have recognized was violated by the conduct at issue, we identify no error in the district court's dismissal of this claim either outright or, with respect to the individual defendants, on grounds of qualified immunity. See Doninger v. Niehoff, 642 F.3d 334, 345 (2d Cir. 2011) (recognizing that official is entitled to qualified immunity where there is no showing of claimed constitutional violation).

2.    Procedural Due Process

In dismissing Manza's procedural due process claim, the district court explained that "[t]he Article 78 proceeding itself provided due process of law." Memorandum, Manza v. Newhard, 10-cv-8892 (JFM), at 3 (S.D.N.Y. May 3, 2011), ECF No. 32. This is correct insofar as the Article 78 proceeding provided Manza with a sufficient post-deprivation remedy. But it does not address whether Manza received sufficient pre-deprivation process.

5

See Zinermon v. Burch, 494 U.S. 113, 127 (1990); accord New Windsor Volunteer Ambulance Corp. v. Meyers, 442 F.3d 101, 115 (2d Cir. 2006) (noting procedural due process requires at a minimum "notice and some opportunity to be heard prior to the deprivation" where complained-of action is not random and unauthorized (internal quotation marks omitted; emphasis in original)). Applying the balancing approach outlined in Mathews v. Eldridge, 424 U.S. 319 (1976), for determining what pre-deprivation process is due, the Supreme Court has ruled that "some administrative procedure for entertaining customer complaints prior to termination is required to afford reasonable assurance against erroneous or arbitrary withholding of essential services." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. at 18. This requirement, however, need not be onerous: "[t]he opportunity for informal consultation with designated personnel empowered to correct a mistaken determination constitutes a 'due process hearing' in appropriate circumstances." Id. at 16 n.17; see also Locurto v. Safir, 264 F.3d 154, 173–74 (2d Cir. 2001) (noting pre-deprivation hearing in employment context can be "very limited" and need not involve neutral adjudicator (internal quotation marks and emphasis omitted)).

Defendants maintain that Manza was afforded such procedure through numerous meetings with Village officials in early 2009. But this fact is not established as a matter of law from the complaint and the documents attached thereto. See, e.g., Halebian v. Berv, 644 F.3d 122, 130 (2d Cir. 2011) (setting limits on judicial review of motion to dismiss). Indeed, in Newhard's sworn affidavit in the Article 78 proceedings—referenced and attached to the complaint—the mayor stated that the decision to begin billing Manza for water was final on

6

December 15, 2008, and that at that time "no further administrative remedies were available to [Manza] in the Village of Warwick." Aff. of Michael Newhard, Mayor of the Village of Warwick, Resp't, Manza v. Wendel, No. 9372/2009 (N.Y. Sup. Ct. Orange Cnty. Oct. 16, 2009). Thus, while we do not foreclose the possibility that defendants may adduce further evidence in discovery demonstrating the constitutional sufficiency of the procedures afforded Manza and, thereafter, move for summary judgment, defendants are not entitled to dismissal of Manza's procedural due process claim at this early stage.[1]

Defendants further contend that Manza's claim to free water service is based essentially on a contractual right and therefore does not merit constitutional protection. In fact, we have recognized that rights stemming from contractual relationships may rise to the level of a constitutionally protected interest. See New Windsor Volunteer Ambulance Corp. v. Meyers, 442 F.3d at 105; S & D Maint. Co. v. Goldin, 844 F.2d 962, 965 (2d Cir. 1988). At this stage, we cannot conclude as a matter of law that the free water service at issue, provided to this property for well over 130 years, does not merit constitutional protection.[2]

---

[1] The pleadings also do not permit a court to decide whether an Article 78 proceeding was available to Manza as a pre-deprivation remedy and whether that would satisfy the requirements of due process. Compare New York State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 168 (2d Cir. 2001) (concluding, after applying Mathews analysis, that Article 78 mandamus proceedings could force agency decisions before prejudicial delay occurred), with Kapps v. Wing, 404 F.3d 105, 120 (2d Cir. 2005) (declining to apply NYS NOW to review of correctness, rather than timing, of agency decisions); see also Decision & Order, Manza v. Wendel, No. 9372/2009, slip op. at 6 (concluding that "Village's determination became final and binding on June 18, 2009, when the water to the real property was shut off").

[2] To the extent defendants contend that any right to free water service was not "clearly established" until the Article 78 court's decision, Newhard Br. at 38, they conflate our

7

Nor are we persuaded that Manza's procedural due process claim is barred by res judicata, as defendants urge.  See Parker v. Blauvelt Volunteer Fire Co. 93 N.Y.2d 343, 348, 690 N.Y.S.2d 478, 482 (1999); Davidson v. Capuano, 792 F.2d 275, 276 (2d Cir. 1986).  Defendants point to no change in New York law since the Court of Appeals definitively rejected this contention in Parker.

In vacating the dismissal of Manza's procedural due process claim, we note that the district court's brief treatment of the claim is understandable in light of the parties' sparse briefing of the question below.  Defendants' memorandum in support of dismissal addressed procedural due process in less than a page; Manza's opposition did not discuss the claim at all.[3]  On remand, the parties may develop this claim, and the district court may address it further as warranted.

―――――――――――――

qualified immunity jurisprudence with whether a right is constitutionally cognizable.  See Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (noting "the Fourteenth Amendment 'has never been interpreted to safeguard only the rights of undisputed ownership'" (quoting Fuentes v. Shevin, 407 U.S. 67, 86 (1972))).  Thus, even if Manza's right to free water service was not clearly established until the Article 78 proceeding, Memphis Light, Gas & Water Div. v. Craft established a right to some pre-deprivation process before an essential service (even one provided for a fee) could be terminated.

[3] Notwithstanding Manza's briefing failure, we reject defendants' contention that Manza is now precluded from appealing the district court's ruling.  Manza's theory of procedural due process was evident from the complaint, and so we do not view his failure to respond to defendants' very cursory discussion of the issue in their motion to dismiss as a waiver.  Cf. New Jersey Carpenters Pension & Annuity Funds v. Biogen Idec, 537 F.3d 35, 54 (1st Cir. 2008) (identifying no waiver by plaintiff where, in briefing of motion to dismiss, neither plaintiff nor defendant addressed theory that was evident from complaint).  In any event, we may entertain arguments that Manza failed to raise below.  See Kurzberg v. Ashcroft, 619 F.3d 176, 185 n.9 (2d Cir. 2010); Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir. 2005).

3.      Conclusion

For the reasons stated, we AFFIRM the dismissal of Manza's complaint with the exception of his procedural due process claims against the Village of Warwick and Mayor Newhard. With respect to those claims, the district court's judgment is VACATED and REMANDED for further proceedings consistent with this order. The parties shall bear their own costs.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court