■ In the Matter of KIMBALL PARKER, Petitioner, v BLAUVELT VOLUNTEER FIRE COMPANY, INC., et al., Respondents. [634 NYS2d 524] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Orangetown, dated March 23, 1992, which, after a hearing, dismissed the petitioner from his position as a member of the Blauvelt Volunteer Fire Company, Inc.

Adjudged that the determination is confirmed and the proceeding is dismissed, on the merits, with one bill of costs.

"Judicial review of the determination made by an administrative agency * * * is limited to consideration of whether that resolution was supported by substantial evidence upon the whole record" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181; *see also, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Here, the petitioner was charged with, among other things, insubordination and conduct unbecoming a member of the Blauvelt Volunteer Fire Company, Inc. These charges arose from two incidents. During the first incident, the petitioner initiated an argument with a superior officer, refused to cease arguing when ordered to do so by two superior officers, repeatedly shouted expletives at the officer, and made threatening hand gestures. For this conduct, the petitioner was suspended, and he stated that he refused to accept the suspension. The second incident occurred within a few days, at which time the suspension was lifted and the petitioner was ordered to refrain from responding to alarms on Fire Department apparatus and to remain at the firehouse to monitor the radio until further notice. Within hours after the Chief reaffirmed these orders, the petitioner disobeyed these orders and responded to an alarm on a Fire Department truck, abandoning his assigned post. Again the petitioner was suspended, and again he refused to accept the suspension.

The hearing testimony overwhelmingly establishes that these facts, which include the repeated refusal to accept directives from superior officers, clearly constitute insubordination *(see, Matter of Di Vito v State of New York Dept. of Labor,* 48 NY2d 761; *Matter of Short v Nassau County Civ. Serv. Commn.,* 45 NY2d 721, 723). Accordingly, the charges against the petitioner are supported by substantial evidence.

Furthermore, given the seriousness of the petitioner's conduct in disobeying direct orders, especially regarding his as-

signed duty post during an emergency, the sanction of dismissal does not "shock the conscience of the court" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, *supra; see also, Matter of Harris v Mechanicville Cent. School Dist.,* 45 NY2d 279, 284).

The petitioner's remaining contentions are without merit. Thompson, J. P., Ritter, Joy and Florio, JJ., concur.