■ KIMBALL PARKER, Respondent, v BLAUVELT VOLUNTEER FIRE COMPANY, Inc., et al., Appellants. [674 NYS2d 122] —In an action to recover damages pursuant to 42 USC § 1983, the defendants appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated June 26, 1997, which denied their motion for summary judgment, *inter alia*, to dismiss the plenary action on the grounds that it was barred by the doctrines of res judicata and collateral estoppel.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The plaintiff was a member of the defendant Blauvelt Volunteer Fire Department. Due to his insubordination on two occasions, the plaintiff was suspended and ultimately dismissed, after a hearing by the Town Board of the Town of Orangetown. The plaintiff challenged the dismissal in a proceeding pursuant to CPLR article 78, in which he also alleged violations of his civil rights and sought reinstatement and monetary damages. The Supreme Court severed and dismissed the civil rights claims without prejudice. The plaintiff then commenced this plenary action alleging civil rights violations pursuant to 42 USC § 1983. The CPLR article 78 proceeding was transferred to this Court, which confirmed the determination to dismiss the plaintiff (*Matter of Parker v Blauvelt Volunteer Fire Co.*, 222 AD2d 437). Thereafter, based upon this Court's decision and order, the defendants moved for summary judgment in the pending plenary action.

The issues and facts raised in the plenary action are exactly those raised in the prior proceeding pursuant to CPLR article 78 where the plaintiff had a full and fair opportunity to challenge and defend against them. Therefore, even if the remedy sought pursuant to 42 USC § 1983 is different from the one that was sought in the CPLR article 78 proceeding, the action pursuant to 42 USC § 1983 is barred by the doctrines of res judicata and collateral estoppel (*see, Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, *cert denied* 488 US 1005;

*Thomas v City of New York*, 239 AD2d 180; *Matter of Koeppel v Wachtler*, 183 AD2d 829). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.