*346
 
 OPINION OF THE COURT
 

 Levine, J.
 

 Plaintiff appeals from an Appellate Division order dismissing this 42 USC § 1983 civil rights action on the grounds that it was barred under the doctrines of res judicata and collateral estoppel. His claims arise out of his dismissal as a firefighter following disciplinary action taken against him by defendant Blauvelt Volunteer Fire Company, Inc. The disciplinary action was based upon a confrontation with a superior officer during which he cursed at and physically threatened the officer, and his subsequent defiance of orders by the Chief of defendant Blauvelt Fire Department to refrain from responding to alarms on Fire Department apparatus. The Fire Company brought written disciplinary charges against plaintiff for insubordination and conduct unbecoming a member of the Blauvelt Fire Department in violation of standards of good conduct and the by-laws of the Fire Company (see, General Municipal Law § 209-Z). A hearing officer found plaintiff guilty of the charges but recommended that he not be expelled from the Fire Company. Nevertheless, based upon the findings of the hearing officer, the Town Board of the Town of Orangetown passed a resolution dismissing him.
 

 Plaintiff first challenged the Board’s determination in a CPLR article 78 proceeding in which he joined as respondents all of the defendants in the instant action. The petition alleged that the Board’s determination should be annulled because it was not supported by substantial evidence and violated plaintiff’s statutory and constitutional rights. Specifically, he alleged that defendants violated his due process rights in that they suspended him without a hearing to determine probable cause, brought charges that were impermissibly vague, failed to give proper notice of the charges and enforced rules in an arbitrary and discriminatory manner. The petition further averred that plaintiff was deprived of due process because the Board in discharging him considered matters beyond those considered by the hearing officer, considered ex parte com
 
 *347
 
 munications, made no findings of fact and unduly delayed its final decision. Also, defendants allegedly violated his First Amendment right to freedom of speech by punishing him for the way he expressed himself in front of his superior officer. In addition to seeking a vacatur of the dismissal and reinstatement as a member of the Fire Company, the article 78 petition set forth several causes of action in which plaintiff sought damages under 42 USC § 1983, based upon the same allegations of violations of his constitutional rights.
 

 In the CPLR article 78 proceeding, Supreme Court granted defendants’ motion to dismiss the 42 USC § 1983 causes of action for damages “without prejudice to [plaintiff’s] commencement of the appropriate plenary action.” Supreme Court severed and dismissed those claims for damages because they were not incidental to the primary relief sought of reinstatement as a firefighter
 
 (see,
 
 CPLR 7806). Since the remaining claims in the petition raised a substantial evidence issue, Supreme Court transferred the petition to the Appellate Division
 
 (see,
 
 CPLR 7804 [g]). The Appellate Division confirmed the Board’s determination
 
 (Matter of Parker v Blauvelt Volunteer Fire Co.,
 
 222 AD2d 437,
 
 lv denied
 
 87 NY2d 812).
 

 Plaintiff commenced the instant plenary action under 42 USC § 1983 in order to litigate the civil rights claims for damages that were severed from the prior proceeding. Supreme Court denied defendants’ motion to dismiss. The Appellate Division reversed and dismissed the complaint on the grounds that plaintiff’s “action pursuant to 42 USC § 1983 is barred by the doctrines of res judicata and collateral estoppel” (251 AD2d 389). We now affirm, but solely because all of the issues raised in the complaint are precluded by collateral estoppel.
 

 Contrary to the view of the Appellate Division, the doctrine of res judicata does not bar plaintiff from bringing this action. Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action
 
 (Matter of Reilly v Reid,
 
 45 NY2d 24, 27;
 
 see also, Schuylkill Fuel Corp. v Nieberg Realty Corp.,
 
 250 NY 304, 306-307 [Cardozo, Ch. J.]). As a general rule, “once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy”
 
 (O’Brien v City of Syracuse,
 
 54 NY2d 353, 357;
 
 Matter of Reilly v Reid, supra,
 
 at 30). Thus, where a plaintiff in a later action brings a claim for damages that could have been presented in a prior CPLR article 78 proceeding against the same party, based
 
 *348
 
 upon the same harm and arising out of the same or related facts, the claim is barred by res judicata
 
 (Pauk v Board of Trustees,
 
 111 AD2d 17, 20-21,
 
 affd
 
 68 NY2d 702).
 

 The plaintiff in
 
 Pauk,
 
 for example, in his prior unsuccessful CPLR article 78 proceeding, had sought rescission of a letter terminating his employment as a college professor, restoration to that position and a declaration that he had achieved tenure status
 
 (id.,
 
 at 20). The Appellate Division held that the relief sought in the second, plenary action, of an adjudication renewing his employment contract and declaring that as a result of the renewal he became tenured, was “essentially the same as that sought in the article 78 proceeding * * * and * * * the claims ar[o]se out of the same or related facts”
 
 (id.,
 
 at 20). Hence, claim preclusion applied to the plenary action
 
 (id.).
 
 In
 
 Pauk,
 
 both this Court and the Appellate Division held that it was immaterial for purposes of the application of res judicata that in the second action plaintiff sought monetary relief by way of restitution of lost salary and financial fringe benefits, since under CPLR 7806 they could have been claimed and awarded in the first proceeding as “incidental to the primary relief sought”
 
 (Pauk v Board of Trustees, supra,
 
 68 NY2d, at 704).
 

 In the instant case, by contrast, plaintiffs 42 USC § 1983 civil rights claims do not seek the restoration of any economic benefits derivable from his status as a member of the Blauvelt Fire Department
 
 (cf., Pauk v Board of Trustees, supra,
 
 111 AD2d, at 20). Rather, his prayer for relief seeks one million dollars in damages plus attorneys’ fees for embarrassment, loss of reputation and mental anguish. It is noteworthy that while in
 
 Pauk,
 
 restoration of lost salary could have been sought and awarded as incidental relief in the plaintiffs prior article 78 proceeding, the Court contrasted that claim with a cause of action for damages under 42 USC § 1983
 
 (Pauk v Board of Trustees, supra,
 
 68 NY2d, at 705 [citing
 
 Davidson v Capuano,
 
 792 F2d 275]). Thus, we have impliedly indicated our agreement with the Second Circuit’s holding in
 
 Davidson v Capuano.
 
 In
 
 Davidson,
 
 the court held that a section 1983 damage claim could not have been joined as part of an article 78 proceeding because it was not “incidental to the primary relief sought” (CPLR 7806); therefore, although arising out of the same operative facts as the prior proceeding, the subsequent section 1983 action was not barred by res judicata
 
 (Davidson v Capuano, supra).
 

 So too here. In plaintiffs prior article 78 proceeding, Supreme Court correctly dismissed his section 1983 civil rights damage
 
 *349
 
 claims as not incidental to the primary relief of reinstatement he sought. Therefore, the termination of the prior article 78 proceeding on the merits was not res judicata as to the section 1983 damage claims. Our holding in this regard is also consistent with the position of the Restatement (Second) of Judgments that res judicata is inapplicable where the plaintiff “was unable to * * * seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain * * * multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action * * * to seek that remedy or form of relief’ (Restatement [Second] of Judgments § 26 [1] [c];
 
 see also, Burgos v Hopkins,
 
 14 F3d 787, 790 [2d Cir];
 
 Antonsen v Ward,
 
 943 F2d 198, 202-204 [2d Cir]).
 

 In addition, Supreme Court dismissed the civil rights claims “without prejudice to [plaintiffs] commencement of the appropriate plenary action.” It would be inequitable to preclude a party from asserting a claim under the principle of res judicata, where, as in this case, “[t]he court in the first action has expressly reserved the plaintiffs right to maintain the second action” (Restatement [Second] of Judgments §26 [1] [b]). Thus, a rigid application of res judicata in this instance, rather than preventing plaintiff from obtaining two days in court, would unjustly “deprive him of one”
 
 (Matter of Reilly v Reid, supra,
 
 45 NY2d, at 28).
 

 Under the doctrine of collateral estoppel, however, plaintiff should not be allowed in this action to raise any of the issues he unsuccessfully litigated in his prior CPLR article 78 proceeding. Collateral estoppel, or issue preclusion, “precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party * * *, whether or not the tribunals or causes of action are the same”
 
 (Ryan v New York Tel. Co.,
 
 62 NY2d 494, 500;
 
 see also, Burgos v Hopkins, supra,
 
 14 F3d, at 792). The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action
 
 (Ryan v New York Tel. Co., supra,
 
 at 500-501). “[T]he burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in [the] prior action or proceeding”
 
 (id.,
 
 at 501).
 

 
 *350
 
 The dispositive factual and legal issues in plaintiffs claims of deprivation of his constitutional rights in this 42 USC § 1983 civil rights action are identical to the allegations of constitutional violations asserted as a basis for annulment of defendant’s disciplinary determinations, decided against plaintiff in the prior CPLR article 78 proceeding. Even though the claims for damages under the Federal civil rights statute were severed from the article 78 proceeding, all of the constitutional rights violations alleged in his petition remained intact and were before the Appellate Division upon transfer of the proceeding, to be considered as grounds for annulment of the disciplinary determination and plaintiffs reinstatement as a member of the Fire Company. Although the Appellate Division in the prior proceeding primarily addressed the claim that the determination to discharge plaintiff was not supported by substantial evidence, the court followed its statutory duty to “dispose of all issues in the proceeding” (CPLR 7804 [g]) when it held that all of plaintiffs “remaining contentions [we] re without merit”
 
 (Matter of Parker v Blauvelt Volunteer Fire Co., supra,
 
 222 AD2d, at 438). The present complaint is virtually a verbatim repetition of the due process and free speech claims in the prior petition. Thus, all of the factual issues dispositive of the constitutional claims being raised in the instant action were necessarily decided in the prior article 78 proceeding.
 

 Moreover, plaintiff has failed to meet his burden of establishing that he lacked a full and fair opportunity in the prior proceeding to litigate the foregoing issues and thereby avoid the preclusive effect of an adverse determination of those issues. Nothing prevented him from fully litigating the constitutional grounds he advanced for invalidating the disciplinary determination against him
 
 (see, e.g., Matter of Miller v De-Buono,
 
 90 NY2d 783 [annulling administrative determination on constitutional grounds]). Indeed, in his brief to the Appellate Division in the article 78 proceeding, made part of the record here, plaintiff raised the very same legal and factual issues in asserting violations of due process and freedom of speech that now form the basis of his current action. Thus, plaintiff not only had the opportunity to litigate all of the constitutional issues he is now raising, but also availed himself of that opportunity. Consequently, plaintiff may not now relitigate these issues.
 

 Thus, while plaintiff is not precluded from bringing this claim, he is collaterally estopped from relitigating the issues raised in the complaint, which was properly dismissed by the Appellate Division on that ground.
 

 
 *351
 
 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.