OPINION OF THE COURT
Joseph D. Mintz, J.
Defendants move for summary judgment dismissing the complaint in this action based upon state remedies and federal remedies under 42 USC § 1983. After oral argument, this court dismissed all of the causes of action except for the cause of ac *31 tion under section 1983. The remaining issue is to what extent the issues in the section 1983 cause of action are to be litigated.
This cause of action is based upon plaintiffs claim that he was wrongfully terminated from his position at the Buffalo Psychiatric Center in violation of his civil rights. Under the relevant collective bargaining agreement, an arbitration was held; the determination of the arbitrator was that plaintiff had not been wrongfully terminated under the collective bargaining agreement. Defendants argue that based upon the arbitration, plaintiff is collaterally estopped from proving his claim under section 1983, or, at least, that he is collaterally estopped from proving that he was wrongfully terminated. Plaintiff argues that the arbitration has no preclusive effect on the remaining cause of action.
Had this case been brought in federal court, it is clear that the arbitration under the collective bargaining agreement would have no preclusive effect on the claim. This is because there is no federal body of law regarding either res judicata or collateral estoppel. Instead, the federal courts are required to look to 28 USC § 1738, which provides that the federal courts are to give full faith and credit to any judicial proceedings of any court of any state. The term “judicial proceedings” under section 1738 has been narrowly construed by the Supreme Court so as not to include arbitration proceedings. (McDonald v City of W. Branch, Mich., 466 US 284 [1984].) The Court in McDonald held that an arbitration under a collective bargaining agreement had no preclusive effect in an action under section 1983 in that the arbitration was not a judicial proceeding under 28 USC § 1738, that no existing judicially created federal law recognized collateral estoppel effect of the arbitration, and that the Court was declining to fashion such a law. Under the Court’s decision in McDonald, a federal court would be required to ignore the arbitration, even if the arbitration had been the subject of a state court proceeding. (Fayer v Town of Middlebury, 258 F3d 117 [2d Cir 2001].)
But plaintiff chose to bring his action in state court, and New York courts have given collateral estoppel effect to an arbitration so long as the court finds that the party who is to be precluded had a full and fair opportunity to litigate the issue within the arbitration. (American Ins. Co. v Messinger, 43 NY2d 184 [1977].) The first question is whether this court should determine this issue as if plaintiff had brought the action in federal court, or whether this court should simply apply New York law on this subject. Plaintiff argues that under the *32 Supremacy Clause of the United States Constitution, the state court is required to apply federal law.
Whether federal or state law on collateral estoppel applies to section 1983 actions brought in state court has not been previously addressed directly by the courts. In one case, in determining collateral estoppel effects of a prior CPLR article 78 proceeding upon the section 1983 action, the court merely applied state law without any reference whatsoever to 28 USC § 1738. (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343 [1999].) However, even if the court had decided the matter under 28 USC § 1738, the result would have been the same, since that statute requires the same effect for the article 78 proceeding as applies under New York State law.
Plaintiff argues that the law of collateral estoppel is substantive, rather than procedural, and that federal law should apply. In matters of substance, state law cannot operate to limit a plaintiff’s rights under section 1983. (See, Lawless v City of Buffalo, 177 AD2d 1007 [4th Dept 1991] [in which the Court determined that a section 1983 action is not subject to notice of claim requirements].) Since collateral estoppel does affect the very nature of the proof to be submitted to the determination of the claim, it does appear to be more substantive than procedural, and there is no reason to impose issue preclusion upon plaintiff simply because he chose to bring his federal cause of action in state court.
Even if New York law was to apply directly to this issue of plaintiffs claim under section 1983, it is questionable whether plaintiff had a “full and fair opportunity to litigate” this issue before the arbitrator. Although the arbitration did concern whether plaintiff was wrongfully terminated, it made that determination under the terms of the collective bargaining agreement, not under an examination of plaintiffs constitutional rights. The Supreme Court’s decision in McDonald is very persuasive in its determination that arbitrations under collective bargaining agreements should have no effect on section 1983 actions and in the court’s refusal to fashion a rule permitting collateral estoppel effect. For that reason, and for the reasons previously stated, the arbitration will have no collateral estoppel effect on the instant action, and defendant’s motion is denied on that issue.