■ ACADEMIC HEALTH PROFESSIONALS INSURANCE ASSOCIATION, as Subrogee of JOHN DOE, M.D., Respondent, v KALEIDA HEALTH, Appellant. (Appeal No. 1.) [759 NYS2d 409] —Appeal from an order of Supreme Court, Erie County (NeMoyer, J.), entered March 19, 2002, which, inter alia, granted plaintiff's motion for summary judgment.

entered April 8, 2002, which awarded plaintiff $1 million, with interest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking reimbursement from defendant in the amount of $1 million, the amount expended by plaintiff in settling the underlying medical malpractice action brought against its subrogee, John Doe, M.D. Plaintiff alleged that defendant was responsible for that amount as indemnity protection for Doe, and defendant counterclaimed for declaratory relief, contending that Doe was not entitled to protection under defendant's self-insurance plan (Plan). Supreme Court granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment seeking declaratory relief. Defendant appeals, contending that the private practice exclusion in its Plan precludes coverage for Doe in the underlying action. We affirm, based on the doctrine of collateral estoppel.

"Collateral estoppel, or issue preclusion, prevents a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party" (*Pinnacle Consultants v Leucadia Natl. Corp.,* 94 NY2d 426, 431-432 [2000] [internal quotation marks omitted]). The doctrine of collateral estoppel applies where, as here, "the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party opposing application of the doctrine] had a full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349 [1999]). In a prior medical malpractice action, defendant's predecessor raised the identical issue raised herein concerning the applicability of the private practice exclusion in the Plan, and the trial justice in that case decided the issue against defendant's predecessor. Contrary to defendant's contention, the pertinent facts of the two cases are the same, i.e., the physicians who delivered the infants were not the on-call physicians for the hospital at the time of delivery, and the mothers of the infants were the physicians' private patients. Present—Pine, J.P., Hurlbutt, Kehoe and Hayes, JJ.