█ ALDO MAGLIOCHETTI, Doing Business as LA BRUSCHETTA RISTORANTE, Appellant, v NICOLA DI BELLO et al., Respondents. [772 NYS2d 152]—

Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered October 30, 2002. The order granted defendants' motion for summary judgment in part and dismissed the first and third causes of action and those parts of the second and fourth causes of action that are duplicative of the first cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In August 1993 plaintiff tenant and defendant landlords entered into a commercial lease agreement for a three-year period for real property and restaurant equipment located in East Rochester, and the lease was thereafter renewed through December 31, 1997. Plaintiff defaulted on his rent prior to the expiration of the lease and was evicted pursuant to an order of eviction issued by Town Court in November 1997. One year later, plaintiff commenced this action in Supreme Court seeking, inter alia, reimbursement for structural repairs that he made when defendants refused to make such repairs, and damages for unlawful eviction.

Contrary to plaintiff's contention, the court properly granted those parts of defendants' motion seeking summary judgment dismissing the first cause of action "as barred by the doctrine of collateral estoppel/res judicata," as well as those parts of the second and fourth causes of action that are duplicative of the first cause of action. Defendants submitted evidence establishing that Town Court had previously made a valid determination on the merits in the eviction proceeding held in that court and decided the identical issues raised in the first cause of action and those parts of the second and fourth causes of action regarding structural repairs (cf. Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-349 [1999]), and plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Also contrary to plaintiff's contention, the court properly granted that part of defendants' motion seeking summary judgment dismissing the third cause of action, inasmuch as plaintiff failed to comply with the 60-day requirement in RPAPL 747 (2). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.