■ SARA KINBERG, Appellant, v YORAM KINBERG, Respondent. [874 NYS2d 400]—

Order, Supreme Court, Bronx County (Ellen Gesmer, J.), entered November 2, 2007, which, in this action alleging, inter alia, breach of the parties' settlement agreement and judgment of divorce, insofar as appealed from as limited by the briefs, granted defendant's cross motion to dismiss the complaint to the extent of dismissing the first, third through tenth, twelfth and thirteenth causes of action, and awarded judgment in favor of defendant in the amounts of: (a) $19,778.14 with interest from June 1, 2004; (b) $65,270 with interest from July 1, 2001; and (c) $250 with interest from April 1, 2002, minus (d) $15,000 with interest from January 31, 2007; (e) $2,500 with interest from December 31, 1998; and (f) $2,850 with interest from December 31, 2001, unanimously modified, on the law, to the extent of (1) vacating the award of $19,778.14 with interest to defendant, representing the surplus in the education fund; (2) vacating the award of $65,270 with interest from July 1, 2001 as defendant's share of the proceeds from the sale of the parties' apartment in Haifa, Israel; (3) reinstating plaintiff's claim for damages for loss of value of stock due to its late transfer by defendant in breach of the settlement agreement; (4) reinstating plaintiff's first cause of action alleging defendant's breach of

the settlement agreement by failing to obtain a religious divorce (get) within 30 days of the execution of the settlement agreement, and her third cause of action seeking the transfer of funds due and owing to her from the excess balance account portion of defendant's retirement account, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent herewith.

The record raises factual questions with respect to the issue of whether a surplus is due and owing to defendant from the education fund established pursuant to the settlement agreement to provide for the college education of the parties' daughter. There is an absence of documentation with respect to the payment of college living expenses, and the parties' affidavits are in conflict. The record also raises questions regarding whether plaintiff's contribution to the education fund was deficient by $9,000 and whether defendant failed to comply with a prior court order of March 25, 2002 requiring him to add $9,000 to the fund, with interest.

The motion court properly declined to accept the contract price in determining the proceeds of the sale of the parties' apartment in Israel. The June 2001 transfer of the apartment to the parties' daughter does not constitute an arm's length transaction at market value, as contemplated by the settlement agreement. Plaintiff submitted documentary evidence establishing that the amount derived from the sale was $53,000, and defendant submitted a letter from Israeli counsel indicating that either the sale price, or the value, of the apartment was $160,000. The questionable and conflicting nature of the proof precludes summary disposition of this issue.

Plaintiff's claim for damages resulting from the loss of value of stock as a result of defendant's failure to timely effect its transfer to her under the settlement agreement is not barred by collateral estoppel. On her prior motion, plaintiff sought an order directing defendant to transfer the stock or, in the alternative, a money judgment in the amount of its value as of the fall of 2000. In the ensuing order, the court directed defendant to transfer the stock within 10 days or judgment would be entered against him equal to the value of the stock, with interest from October 27, 2000 (10 days after entry of the judgment of divorce). The court did not determine the value of the stock, requesting that it be set forth in an affidavit of noncompliance to be submitted prior to entry of judgment. Thus, the issue was not specifically resolved against plaintiff on the prior motion (see generally Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). Furthermore, when the prior motion was submitted in

April 2001, the extent of any loss in the value of the stock due to the delay in transfer could not be estimated.

We disagree that plaintiff's first cause of action for breach of contract is barred by res judicata. On her prior motion, plaintiff sought to compel defendant to obtain a get, together with legal fees incurred in obtaining defendant's compliance with the settlement agreement. Defendant finally granted plaintiff a get in June 2007, six years after she made her motion. On the present application, plaintiff seeks a different measure of damages, to wit, compensation for her inability to remarry according to the Jewish faith during that time. Likewise, plaintiff could not have anticipated the ensuing delay so as to assert this issue on the prior motion (see e.g. Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347-349 [1999]).

As to plaintiff's third cause of action seeking transfer of the excess balance of defendant's retirement account, the motion court misconstrued the nature of the claim, concluding that the excess balance account did not fall within the "Later Discovered Property" provision of the settlement agreement because it was disclosed prior to its execution. Plaintiff does not dispute the disclosure of the account. Rather, she contends that the availability of transfer by a qualified domestic relations order was not disclosed, and the funds have not been received. While accounted for in the agreement, it remains that the excess balance account was never transferred to plaintiff, and this cause of action should not have been dismissed.

Although not barred by the statute of limitations, as the motion court determined, plaintiff's claim for medical expenses was nevertheless properly dismissed. Plaintiff failed to sustain her burden to prove what, if any, medical expenses, defendant failed to pay.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.