■ INCREDIBLE INVESTMENTS LIMITED, on its Own and on Behalf of ONE NIAGARA, LLC, Respondent, v PAUL GRENGA, Individually and as President of WHITESTAR DEVELOPMENT CORP. and Another, et al., Appellants, et al., Defendant. (Appeal No. 1.) [999 NYS2d 914]—Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered March 8, 2013. The order, among other things, granted plaintiff's motion for partial summary judgment and denied defendants' cross motion for summary judgment.

Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered June 6, 2013. The order,

among other things, granted the motion of defendants Paul Grenga and Whitestar Development Corp. for reargument and upon reargument reaffirmed its prior decision.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion of plaintiff dated October 22, 2012, granting the cross motion of defendants dated December 10, 2012 insofar as the cross motion sought dismissal of the complaint against defendants-appellants and dismissing the complaint against defendants-appellants and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action in April 2012 seeking a declaration that the proxy set forth in Rider 1 of the Operating Agreement of One Niagara, LLC expired pursuant to section 4.6 of the agreement, which provides in relevant part that "[n]o proxy shall be valid after the expiration of eleven months from the date of its execution unless otherwise expressly provided in the proxy." Supreme Court erred in granting plaintiff's motion for summary judgment and instead should have granted that part of defendants' cross motion seeking summary judgment dismissing the complaint against defendants-appellants (defendants). We conclude that this action is barred by res judicata because plaintiff's claim that the proxy has expired could have been raised in the federal court action previously commenced by plaintiff against defendants.

"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). " '[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*id.*). The doctrine of res judicata therefore "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]).

Here, plaintiff commenced the federal action in June 2009, and the third cause of action of its amended complaint sought to set aside the proxy as having been obtained by fraud. In December 2011, plaintiff moved for leave to serve a second amended complaint to include the allegation that the proxy expired 11 months after it was granted. The federal court denied that motion, concluding that there was no good cause for the delay in seeking leave to amend the complaint because plaintiff made an identical argument in the defense of a state court action commenced against plaintiff by defendants in August 2007. In particular, plaintiff alleged in its seventh affir-

mative defense in the prior state action that the proxy had expired. The federal court then dismissed the third cause of action.

Plaintiff contends that the facts of this action are different from those alleged in the federal court action because it was not until July 2010, after the federal action was commenced, that defendant Paul Grenga used the proxy to elect himself as manager of One Niagara, LLC. As noted, however, prior to commencing the federal court action, plaintiff asserted in a state court action between the parties that the proxy had expired. Although defendants do not contend that the prior state court action bars this action, the fact that plaintiff asserted in the prior state court action that the proxy had expired undermines plaintiff's contention that it had no reason to challenge the validity of the proxy on that basis until July 2010, when the proxy was first exercised. Moreover, we note that plaintiff did not seek leave to amend its complaint in federal court until December 2011, some 17 months after Grenga used the proxy to elect himself as manager. In any event, we conclude that this action and the federal court action arise out of the same transaction, i.e., the operating agreement and the rider that granted the proxy. Thus, when plaintiff challenged the validity of the proxy in the federal court action, it should have raised all grounds for invalidating the proxy, and this action is therefore barred by res judicata (see generally *Parker*, 93 NY2d at 347). Present—Smith, J.P., Centra, Fahey, Lindley and Whalen, JJ.