# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1220

CA 13-02142

PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

INCREDIBLE INVESTMENTS LIMITED, ON ITS OWN AND
ON BEHALF OF ONE NIAGARA, LLC,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

PAUL GRENGA, INDIVIDUALLY, AND AS PRESIDENT OF
WHITESTAR DEVELOPMENT CORP., AND AS CLAIMED
CURRENT MANAGER OF ONE NIAGARA, LLC, WHITESTAR
DEVELOPMENT CORP., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.
(APPEAL NO. 2.)

---

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

SANDERS & SANDERS, CHEEKTOWAGA (HARVEY P. SANDERS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County
(Timothy J. Walker, A.J.), entered June 6, 2013. The order, among
other things, granted the motion of defendants Paul Grenga and
Whitestar Development Corp. for reargument and upon reargument
reaffirmed its prior decision.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion of plaintiff
dated October 22, 2012, granting the cross motion of defendants dated
December 10, 2012 insofar as the cross motion sought dismissal of the
complaint against defendants-appellants and dismissing the complaint
against defendants-appellants and as modified the order is affirmed
without costs.

Memorandum: Plaintiff commenced this action in April 2012
seeking a declaration that the proxy set forth in Rider 1 of the
Operating Agreement of One Niagara, LLC expired pursuant to Section
4.6 of the agreement, which provides in relevant part that "[n]o proxy
shall be valid after the expiration of eleven months from the date of
its execution unless otherwise expressly provided in the proxy."
Supreme Court erred in granting plaintiff's motion for summary
judgment and instead should have granted that part of defendants'
cross motion seeking summary judgment dismissing the complaint against
defendants-appellants (defendants). We conclude that this action is
barred by res judicata because plaintiff's claim that the proxy has

expired could have been raised in the federal court action previously commenced by plaintiff against defendants.

"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347). " '[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*id.*).  The doctrine of res judicata therefore "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d 260, 269).

Here, plaintiff commenced the federal action in June 2009, and the third cause of action of its amended complaint sought to set aside the proxy as having been obtained by fraud.  In December 2011, plaintiff moved for leave to serve a second amended complaint to include the allegation that the proxy expired 11 months after it was granted.  The federal court denied that motion, concluding that there was no good cause for the delay in seeking leave to amend the complaint because plaintiff made an identical argument in the defense of a state court action commenced against plaintiff by defendants in August 2007.  In particular, plaintiff alleged in its seventh affirmative defense in the prior state action that the proxy had expired.  The federal court then dismissed the third cause of action.

Plaintiff contends that the facts of this action are different from those alleged in the federal court action because it was not until July 2010, after the federal action was commenced, that defendant Paul Grenga used the proxy to elect himself as manager of One Niagara, LLC.  As noted, however, prior to commencing the federal court action, plaintiff asserted in a state court action between the parties that the proxy had expired.  Although defendants do not contend that the prior state court action bars this action, the fact that plaintiff asserted in the prior state court action that the proxy had expired undermines plaintiff's contention that it had no reason to challenge the validity of the proxy on that basis until July 2010, when the proxy was first exercised.  Moreover, we note that plaintiff did not seek leave to amend its complaint in federal court until December 2011, some 17 months after Grenga used the proxy to elect himself as manager.  In any event, we conclude that this action and the federal court action arise out of the same transaction, i.e., the Operating Agreement and the Rider that granted the proxy.  Thus, when plaintiff challenged the validity of the proxy in the federal court action, it should have raised all grounds for invalidating the proxy, and this action is therefore barred by res judicata (*see generally Parker*, 93 NY2d at 347).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court