Duncanwood Props., LLC v Midtown Funding LLC (2018 NY Slip Op 01874)





Duncanwood Props., LLC v Midtown Funding LLC


2018 NY Slip Op 01874


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


6032 655746/16

[*1]Duncanwood Properties, LLC, Plaintiff-Appellant,
v
Midtown Funding LLC, Defendant-Respondent.


Becker, Glynn, Muffly, Chassin & Hosinski LLP, New York (Zeb Landsman of counsel), for appellant.
Lazarus & Lazarus, P.C., New York (Harlan M. Lazarus of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about September 22, 2017, which denied plaintiff's motion for summary judgment on the complaint, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for further proceedings.
Plaintiff seller established prima facie entitlement to summary judgment with evidence that defendant purchaser breached the parties' real estate contract of sale when it declined to close on the property due to an alleged "title problem" - encroachments reflected in a survey for a contiguous property that defendant was also purchasing in order to construct a new building on a multiple lot site. Plaintiff submitted evidence that in a prior, related action, the court determined that defendant, also a defendant in that case, had "agreed" to accept the encroachments, by failing to object to them during the due diligence period of the contract, and was obligated to close on the contiguous property in "as is" condition. Thus defendant was collaterally estopped from arguing in this case that it was unable to close on the contiguous property for that reason (see generally Parker v Blauvelt Volunteer Fire Co. , 93 NY2d 343 [1999]).
The burden shifted to defendant, which failed to offer any alternative theory or assert any other "title problem" in support of its claim that it was unable to purchase the contiguous property due to the alleged encroachments, thus failing to raise a triable issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK