Full v County of Monroe & Monroe County Airport Auth. (2019 NY Slip Op 05449)





Full v County of Monroe & Monroe County Airport Auth.


2019 NY Slip Op 05449


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


306 CA 18-00865

[*1]KARI ANN FULL, AS ASSIGNEE OF LEBEAU, INC., PLAINTIFF-APPELLANT,
v
COUNTY OF MONROE AND MONROE COUNTY AIRPORT AUTHORITY, DEFENDANTS-RESPONDENTS. 






HOGANWILLIG, PLLC, AMHERST (SCOTT MICHAEL DUQUIN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (MATTHEW D. BROWN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered July 12, 2017. The order granted the motion of defendants to dismiss the complaint and for sanctions. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, individually and as guardian for her now-deceased husband, previously commenced a negligence action against defendants, among others, to recover for injuries sustained by her husband when he was struck by a motor vehicle on his way to an air show. We affirmed a judgment that, as relevant here, granted defendants' motion for summary judgment dismissing the complaint against them on the ground, inter alia, that defendants established as a matter of law that any negligent operation of the air show on their part was not a proximate cause of the husband's injuries (Full v Monroe County Sheriff's Dept. [appeal No. 3], 152 AD3d 1237 [4th Dept 2017]).
Thereafter, plaintiff settled with LeBeau, Inc., another defendant in that action and the company responsible for managing all aspects of the air show. As part of the settlement, LeBeau assigned to plaintiff all of its rights under its agreement with defendants to manage the air show. That agreement included a provision requiring defendants to "indemnify and hold harmless and defend against all costs, damages, claims, liabilities and expenses (including reasonable attorney fees) suffered by or claimed against [LeBeau] directly based on claims or causes arising from . . . any negligent act or omission" of defendants. Defendants refused plaintiff's demand for indemnification under the agreement and plaintiff, in her capacity as LeBeau's assignee, subsequently commenced this action against defendants, asserting causes of action for breach of the duty to indemnify under the agreement and breach of the duty to defend under the agreement. Plaintiff appeals from an order that, inter alia, granted defendants' motion to dismiss the complaint. We affirm.
We conclude that Supreme Court properly determined that plaintiff's claims against defendants in this action were precluded by collateral estoppel based on the dismissal of the negligence claims asserted against them in the prior action. Specifically, there is "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action" (Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]), i.e., whether defendants were negligent in causing the accident that injured decedent. Moreover, we conclude that plaintiff and LeBeau, as plaintiff's assignor, had a full and fair opportunity to litigate this issue in the prior action given the extensive discovery and motion practice therein (see id. at 304; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]).
In light of the foregoing, we conclude that plaintiff's remaining contentions are academic.
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court