Deutsche Bank Natl. Trust Co. v Daldan, Inc. (2020 NY Slip Op 06752)





Deutsche Bank Natl. Trust Co. v Daldan, Inc.


2020 NY Slip Op 06752


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-08898
 (Index No. 514551/17)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Daldan, Inc., et al., respondents, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel S. LoPresti of counsel), for appellant.
Auciello Law Group, P.C., Brooklyn, NY (Anthony J. Auciello of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated April 30, 2018. The order granted that branch of the motion of the defendants Daldan, Inc., and Mario Valero which was pursuant to CPLR 3211 to dismiss the complaint as time-barred.
ORDERED that the order is affirmed, with costs.
Many of the underlying facts are set forth in this Court's decision and order on two related appeals (see Daldan, Inc. v Deutsche Bank Natl. Trust Co., _____ AD3d _____ [decided herewith]).
On July 27, 2017, the plaintiff, Deutsche Bank National Trust Company (hereinafter the Bank), commenced a mortgage foreclosure action against, among others, the defendants Daldan, Inc., and Mario Valero (hereinafter together the defendants), alleging that Valero defaulted on the subject note by failing to make the payment due on August 1, 2011, and subsequent installments thereafter. On August 31, 2017, the defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of limitations. In an order dated April 30, 2018, the Supreme Court granted that branch of the motion in light of the entry of an order in a related action to quiet title pursuant to RPAPL article 15 (hereinafter the quiet title action), wherein the court found that the statute of limitations for the commencement of an action to foreclose on the subject mortgage had expired. The Bank appeals.
"Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same" (Parker v Blauvelt Volunteer Fire Co., Inc., 93 NY2d 343, 349 [internal quotation marks omitted]; see Fowler v Indymac Bank, FSB, 176 AD3d 682, 683). The issue of whether the statute of limitations for commencing a foreclosure action had expired was clearly raised in the quiet title action and was decided against the Bank. The Bank had "a full and fair opportunity to litigate the issue in the earlier [*2]action" (Fowler v Indymac Bank, FSB, 176 AD3d at 684 [internal quotation marks omitted]), and in fact did so. In any event, on their motion to dismiss, the defendants established, prima facie, that the statute of limitations for commencing an action to foreclose on the subject mortgage expired, and the Bank failed to raise a triable issue of fact in opposition (see 21st Mtge. Corp. v Balliraj, 177 AD3d 687, 689; Ditech Fin., LLC v Naidu, 175 AD3d 1387, 1389, lv granted 34 NY3d 910).
In light of our determination, we need not reach the defendants' remaining contentions, and the remaining contentions of the Bank need not be reached or are without merit.
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the complaint (see Fowler v Indymac Bank, FSB, 176 AD3d at 684).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court