Matter of Rachel R. v Michael F. (2023 NY Slip Op 02595)

Matter of Rachel R. v Michael F.

2023 NY Slip Op 02595

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

 Docket No. F28778-12/17A Appeal No. 228 Case No. 2022-02449 

[*1]In the Matter of Rachel R., Petitioner-Appellant,
v
Michael F., Respondent-Respondent.

Grimes & Zimet, New York (Barbara T. R. Zimet of counsel), for appellant.
Hennessey & Bienstock LLP, New York (Peter Bienstock of counsel), for respondent.

Order, Family Court, New York County (Anna R. Lewis, J.), entered on or about November 19, 2021, which, to the extent appealed from as limited by the briefs, denied petitioner mother's objections to the order, same court (Kevin Mahoney, Support Magistrate), entered on or about May 14, 2021, denying her motion for an award of $61,087 in child support arrears for the period from December 2012 to November 2014 and attorneys' fees, unanimously affirmed, without costs.
The court correctly determined that the mother was precluded from relitigating her claim for child support arrears for the period between December 2012 and November 2014 (see Matter of Marsha S. v Troy R., 203 AD3d 526, 527 [1st Dept 2022]). The claim was identical to that raised in the mother's objections to Magistrate Rosario's May 4, 2016 support order as well as the mother's petition to modify Justice Weinstein's January 23, 2017 order, and the mother had a full and fair opportunity to litigate the issue (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). We reject the mother's contention that the issue had not been finally determined.
The court providently exercised its discretion in denying the mother's request for attorneys' fees. This was the mother's third application seeking retroactive child support for the same period, and the only reason the matter was still before the court was because of the mother's failure to appeal from the January 23, 2017 order (see Matter of Herschbein v Herschbein, 308 AD2d 585 [2d Dept 2003]).
The father's request for sanctions is not properly before this Court since he did not file a notice of cross-appeal (see Kerns v Ishida, 208 AD3d 1102, 1103 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023