Savino v Savino (2023 NY Slip Op 03716)

Savino v Savino

2023 NY Slip Op 03716

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-00702
 (Index No. 50869/05)

[*1]James Savino, appellant-respondent,
v
Anne Savino, respondent-appellant.

Michael P. Biancanello, Lynbrook, NY, for appellant-respondent.
Robert J. Fileccia, Staten Island, NY, for respondent-appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated November 14, 2011, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Richmond County (IDV Part) (Catherine M. DiDomenico, J.), dated May 10, 2019. The order, insofar as appealed from, denied the plaintiff's motion for an award of counsel fees. The order, insofar as cross-appealed from, denied the defendant's application to sanction the plaintiff.
ORDERED that, on the Court's own motion, the notice of cross-appeal is deemed to be an application for leave to cross-appeal, and leave to cross-appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The background facts relevant to this matter are set forth in our order on a companion appeal (see Savino v Savino, _____AD3d_____ [Appellate Docket No. 2018-10725, decided herewith]).
In an order dated May 10, 2019, the Supreme Court denied the plaintiff's motion for an award of additional counsel fees related to a prior motion that he had made to enforce the parties' judgment of divorce. The court also denied the defendant's request, made in her opposition papers, for an award of counsel fees to defend against the plaintiff's motion for an award of counsel fees.
"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347). "Under 'the transactional analysis approach in deciding res judicata issues . . . once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 959, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357).
Here, the plaintiff's motion for an award of additional counsel fees was properly denied under the doctrine of res judicata, as the plaintiff failed to demonstrate, or even allege, that [*2]he was denied a full and fair opportunity to litigate the issue of counsel fees on the prior motion (see Cangro v Reitano, 163 AD3d 494).
The Supreme Court did not improvidently exercise its discretion in denying the defendant's application to sanction the plaintiff for frivolous conduct (see 22 NYCRR 130-1.1[c][1]).
The plaintiff's remaining contention need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court