24-1051-cv
*Thompson v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

PRESENT:  DENNIS JACOBS,
SARAH A. L. MERRIAM,
  *Circuit Judges*,
JOHN P. CRONAN,
  *District Judge*.[*]

_____

Eon Thompson,

  *Plaintiff-Appellant*,

  v.                                                                24-1051-cv

City of New York; Bill de Blasio, Individually and in his Official Capacity as Mayor of New York City; Cynthia Brann, Individually and in her Official Capacity as Commissioner of Correction; Vincent Schiraldi, in his Official Capacity as Commissioner of Correction; Serena

_____

[*] Judge John P. Cronan of the United States District Court for the Southern District of New York, sitting by designation.

Townsend, Individually and in her Official Capacity as Deputy Commissioner of Investigations; Cynthia Lindblom, Individually and in her Official Capacity as Deputy General Counsel; Patricia Legoff, Individually and in her Official Capacity as Agency Supervisor Attorney; Shulamit Neuman, Individually and in her Official Capacity as Agency Attorney; Damon R. Storer, Individually and in his Official Capacity as Investigator; Amaurys Urena, Individually and in his Official Capacity as Investigator; Kevin F. Casey, Individually and in his Official Capacity as City Administrative Law Judge; Kara J. Miller, Individually and in her Official Capacity as City Administrative Law Judge; Jocelyn McGeachy-Kuls, Individually and in her Official Capacity as City Administrative Law Judge; Joni Kletter, Individually and in her Official Capacity as Commissioner and Chief Administrative Law Judge; Olga Statz, Individually and in her Official Capacity as General Counsel; Frank Ng, Individually and in his Official Capacity as Acting Deputy General Counsel; Andrew Rowe, Union Attorney; Corey Garcia, Union Attorney; Koehler & Isaacs LLP, Union Law Firm; Isaacs Devasia Castro & Wein LLP, Union Law Firm; Corrections Officers' Benevolent Association, Inc., Union,

     *Defendants-Appellees*,

Clarence Smith, Jr., Individually and in his Official Capacity as Agency Attorney; Shon Brown, Individually and in his Official Capacity as Assistant Deputy Warden,

     *Defendants*.[**]

_____

---

[**] The Clerk's Office is directed to amend the caption as reflected above.

2

FOR PLAINTIFF-APPELLANT:                    Eon Thompson, proceeding *pro se*,
                                            Brooklyn, NY.

FOR CITY APPELLEES:                         Melanie T. West, Chase H.
                                            Mechanick, of counsel, *for* Muriel
                                            Goode-Trufant, Acting Corporation
                                            Counsel of the City of New York,
                                            New York, NY.

FOR DEFENDANTS-APPELLEES                    Howard Wien, Isaacs Devasia
ANDREW ROWE; COREY GARCIA**;**              Castro & Wien, LLP, White Plains,
KOEHLER & ISAACS LLP; AND                   NY.
ISAACS DEVASIA CASTRO & WEIN
LLP:

FOR DEFENDANT-APPELLEE                       James M. Moschella, Karasyk
CORRECTIONS OFFICERS'                        & Moschella, LLP, New York,
BENEVOLENT ASSOCIATION, INC.:                NY.

Appeal from a judgment of the United States District Court for the Southern

District of New York (Rochon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the March 21, 2024, judgment is **AFFIRMED**.

Plaintiff-appellant Eon Thompson, a New York City corrections officer, was

charged with misconduct, and after a disciplinary hearing was assessed a penalty of "a 55

day suspension from duty without pay." Appellant's Br. at 5-6. He brought this action

pursuant to federal and municipal law, proceeding *pro se* and contending primarily that

the disciplinary hearing was defective and deprived him of his constitutional right to due

process. Thompson filed an original complaint and three amended complaints, naming a

number of defendants. The defendants moved to dismiss the Third Amended Complaint

3

(the "Complaint"), and the District Court granted each of their motions with prejudice.

On appeal, Thompson challenges only the dismissal of the claims against defendants employed by the City of New York (the "City Defendants").[1] The District Court dismissed those claims on the basis of res judicata, finding that the claims arose out of the "same factual grouping" as those Thompson brought in an earlier Article 78 proceeding decided on the merits by a New York state court. *Thompson v. City of New York*, No. 1:21CV08202(JLR), 2024 WL 1216534, at \*10 (S.D.N.Y. Mar. 21, 2024) (quotation marks and citation omitted). The dismissal was with prejudice, because Thompson had already had the opportunity to amend his complaint three times. *See id.* at \*12. Thompson contends that he "should have been given an additional opportunity to file an Amended Complaint." Appellant's Br. at 2. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we recite only as necessary to explain our decision to affirm.

## I.     Res Judicata

"We review *de novo* the dismissal of a complaint under Rule 12(b)(6), accepting

---

[1] The District Court also dismissed, for failure to state a claim, Thompson's claims against several other defendants. Thompson does not challenge the dismissal of those claims, making no mention of them in his briefing. These defendants filed briefs asserting that Thompson had abandoned any claims against them, and Thompson filed no reply brief contesting those assertions of abandonment. Further, his appeal brief suggests that he had planned to dismiss the remaining defendants, if given leave to further amend his Complaint. *See* Appellant's Br. at 21 ("Thompson would have sought leave to amend to cure deficiencies and to remove certain defendants that he no longer saw a clear path to continue his claims against."). Accordingly, we find any challenge to the order of dismissal as to those defendants abandoned. *See Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) ("[A] pro se litigant abandons an issue by failing to address it in the appellate brief.").

all allegations in the complaint as true and drawing all inferences in favor of the plaintiff. Our review of a district court's application of *res judicata* is also *de novo*." *TechnoMarine S.A. v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) (citations omitted). Because Thompson proceeds without counsel, we read his submissions liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). New York courts apply res judicata if "(i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008); *see also Pike v. Freeman*, 266 F.3d 78, 90 n.14 (2d Cir. 2001) (observing "no significant difference between New York preclusion law and federal preclusion law").

"Article 78 proceedings differ further from plenary civil actions in that Article 78 proceedings are characterized by a limited and expedited summary procedure." *Whitfield v. City of New York*, 96 F.4th 504, 520 (2d Cir. 2024) (quotation marks and citation omitted). Furthermore, "in an Article 78 proceeding, the court may not award damages other than those incidental to the primary relief sought." *Id.* (quotation marks and citation omitted). If the petitioner seeks relief outside the scope of an Article 78 proceeding, the court may convert the Article 78 proceeding to a regular civil action, or

5

may proceed with a "hybrid" action, applying the appropriate procedures and standards to each claim. *See id.* at 521.

An Article 78 proceeding *can* have preclusive effect: "[W]here a plaintiff in a later action brings a claim for damages that could have been presented in a prior CPLR article 78 proceeding against the same party, based upon the same harm and arising out of the same or related facts, the claim is barred by res judicata." *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 347-48 (1999). But "the decision in a *pure* Article 78 proceeding" – as opposed to a hybrid proceeding – "does not bar future damages claims." *Whitfield*, 96 F.4th at 526. "[J]udgment in a prior Article 78 proceeding will preclude future damages claims only if the petitioner sought relief that could not be awarded in a pure Article 78 proceeding *and* the state court took affirmative action demonstrating that it adjudicated the proceeding as a hybrid one." *Id.* at 527.

The City Defendants argued before the District Court that Thompson's prior Article 78 action had preclusive effect as a "hybrid action." The District Court agreed, expressly finding that Thompson's "previous action in State Court was not a simple Article 78 proceeding but rather was a hybrid proceeding, seeking both Article 78 relief and a declaration that the written designation letter was improper and not in accord with Civil Service Law Section 75." *Thompson*, 2024 WL 1216534, at *10 n.4 (quotation marks and citations omitted). The significance of this issue was made plain by the City Defendants' briefing in the District Court, the District Court's decision, and the City Defendants' brief on appeal; Thompson has nonetheless declined to address it either

6

before the District Court or before this Court. Although we construe the filings of self-represented parties generously, "we need not manufacture claims of error for an appellant proceeding *pro se*." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). Any argument as to the preclusive effect of the Article 78 proceeding based on its hybrid nature is therefore forfeited, and we do not consider it.

Thompson rests his challenge to the res judicata finding entirely on the theory that there was no valid judgment issued in his state court proceeding. Specifically, Thompson contends that the order issued by the state court was not actually signed by the presiding judge, pointing to a different signature style on an (apparently unrelated) order of the same judge from 2015. But that alleged discrepancy does nothing to undermine the validity of the order in Thompson's case; the 2015 order he refers to was handwritten, and the order in his case was electronically signed. It makes no difference.

We conclude that Thompson has not provided any credible grounds on which to contest the authenticity of the state court decision. Because that is the only aspect of the res judicata finding he challenges on appeal, we affirm the dismissal of his claims against the City Defendants based on res judicata.

## II.    Leave to Amend

"We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224 (2d Cir. 2017) (citation omitted). Thompson did not seek leave to amend in the

7

District Court, but he now contends that he "would have sought leave to amend to cure deficiencies." Appellant's Br. at 21. Yet, he offers no specific amendments he would make, nor does he identify the deficiencies he would cure. We find no error in the denial of leave to amend further, particularly in light of the fact that Thompson had previously amended the complaint three times. *See*, *e.g.*, *Khalil v. Pratt Inst.*, 818 F. App'x 115, 117 (2d Cir. 2020) (summary order) ("[T]he district court's dismissal of the third amended complaint with prejudice was proper because it had previously granted [plaintiff] several opportunities to amend.").

\* \* \*

We have considered Thompson's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8